## CENTER v. SPRING.

Where the plaintiff brought an action against the defendant, charging the latter with having commenced a prosecution for larceny against him, and alleging that said prosecution was wrongful, and without any probable cause; that plaintiff was put to great trouble and expense in defending himself against said charge; that he was arrested and held in confinement under the warrant issued in said prosecution; and that he suffered great damage and injury by the said wrongful act of the said defendant; *Held*, That the action, though it need not have a technical name, must be governed by those rules and principles which obtain in actions for malicious prosecutions.

Where in such an action, the defendant asked the court to instruct the jury, "that before the plaintiff can maintain *this action*, he must prove that the prosecution was malicious, and without probable cause," which instruction the court modified, by saying, that "such proof was necessary in order to maintain an action for malicious prosecution;" *Held*, That the court erred in thus modifying the instruction.

It is the duty of the court, to determine the character of the action—by what rules and principles it is to be governed—and not leave it uncertain and confused, whether the law it is enunciating applies to the case at bar, or some other.

Where in an action for malicious prosecution, the defendant asked the court to instruct the jury, "that if defendant has shown that he acted under the advice of counsel, malice cannot be inferred from the want of probable cause," which instruction was refused; *Held*, That the instruction was properly refused.

And where in such an action, the defendant asked the court to instruct the jury as follows: "That if the jury find from the evidence, that the defendant acted upon the advice and opinion of counsel, given upon a fair statement of the real facts and circumstances in the case, they will find for the defendant," which instruction the court refused to give; *Held*, That the instruction was improperly refused.

But where the defendant misrepresents the facts to the counsel whom he consults; or where he does not act in good faith under the advice received; or where he does not himself believe that there is cause for the prosecution; or where counsel and client act in bad faith in originating and bringing the action, he will not be protected by the advice of counsel; and in such cases, the *bona fides* of his conduct, is a question of fact for the jury.

To sustain an action for malicious prosecution, the plaintiff must show that the prosecution originated in the malice of the prosecutor, and without probable cause.

To prove express malice even, is not sufficient, unless the want of probable cause, is also shown.

The want of probable cause, cannot be inferred from express malice, but malice may be implied from want of probable cause.

The question of probable cause, is a mixed one of fact and law, involving two distinct considerations, to be determined by two different tribunals. The sufficiency of the circumstances to constitute probable cause, is a question of law for the court; and the evidence of the circumstances, is for the determination of the jury.

Malice is, in all cases, a question of fact for the jury, and may be either express or implied.

*Appeal from the Muscatine District Court.*

IN May, 1854, Spring appeared before a justice of the peace, and made an affidavit in due form, charging Center with the crime of larceny. A warrant was issued, upon which the accused was arrested, brought before the justice, and after hearing, was discharged. Center then brought this action, charging that said prosecution was wrongful, and without any probable cause; that he was put to great trouble and expense in defending himself against said charge; that he was arrested and held in confinement under said warrant, and suffered great damage and injury by the said wrongful act of the defendant, for which he claims the sum of one thousand dollars. In his answer, defendant admits the making of the affidavit; the issuing of the warrant, and plaintiff's arrest; but denies that the affidavit was made wrongfully, or without probable cause. The answer then proceeds to state, among other things, that defendant acted upon the information and advice of others, who professed to be acquainted with circumstances showing the plaintiff's guilt. To this part of the answer, there was a demurrer, for the reason that it did not show that the defendant acted upon the advice of counsel, given upon a full statement of all the facts; and that he was not justified in acting upon the advice of any other than counsel learned in the law. This demurrer was sustained, and defendant amended his answer, setting forth that he had, before making said affidavit, made a full statement of the facts and circumstances to counsel; that such counsel advised the arrest of said plaintiff; and that upon such advice, without malice, he made the affidavit.

The replication denies that defendant ever advised with counsel as alleged in the answer; and avers, that if he did, it was upon a statement of facts not true, but other and different from those proved on the trial. This is denied by the rejoinder of defendant.

On the trial, the court, at the request of plaintiff, and against defendant's objection, instructed the jury, "that it is no answer to the action, that the defendant acted upon the opinion of counsel, if the statement of facts upon which the opinion was founded, was incorrect, or the opinion itself unwarranted;" and refused the following instructions, asked by defendant: "If defendant has shown that he acted under the advice of counsel, malice cannot be inferred from the want of probable cause." "If the jury find, from the evidence, that the defendant acted upon the advice and opinion of counsel, given upon a fair statement of the real facts and circumstances in the case, they will find for the defendant." It also appears that the defendant asked the court to charge the jury, that before the plaintiff could maintain his (this) action, he must prove that the prosecution was malicious, and without probable cause. This the court modified by saying, that the proof was necessary in order to maintain an action for a malicious prosecution; and in other instances, where defendant asked instructions referring to this action, the same are so modified by the court, as to apply to an action for a malicious prosecution—to all which defendant, at the time, excepted. Verdict for plaintiff. Motions in arrest and for a new trial, overruled—judgment on the verdict, and defendant appeals.

*J. Scott Richman*, for the appellant.

This was an action (technically) for malicious prosecution, and not for false imprisonment. The distinction between the two, is plainly marked. See 1 Taunt. 493 to 551; 1 Sand. 228; Bull. N. P. 11; Chit. Bl. Com. 126, note 21. As to what is a malicious prosecution, see 2 Devereux, 370. As to what is a false imprisonment, see same authorities, and 1 Chit. Pr. 48. The former is, where the process is regular

and legal, and no objection is taken to it on account of ir-regularity, but where the party is innocent. The latter is, where there is no process whatever, or under color of pro-cess, wholly illegal, without regard to the question whether any crime has been committed. The remedy, in one case, was trespass, and the other case, under the old system. Now, although the Code has abolished the names of actions, it is still necessary to refer to the old system, to ascertain whether a person has a cause of action, and as to the evi-dence necessary to support it. This may be material in forming a judgment upon some of the errors assigned. It will be noticed, that in some of the instructions asked, the defendant asked them in this form: "The plaintiff, in order to maintain this action, must, &c." Wherever this was the case, the court modified the instruction, by striking out the words, "this action" and inserting "an action for malicious prosecution;" and then in the charge of the court to the jury, the court says: "This suit is not necessarily an action for malicious prosecution, as known, &c., but is, in fact, for the purposes of recovering such damages, if any, that he has sustained, caused by the alleged wrongful acts of the defend-ant, and you are to find, from the evidence, whether the de-fendant committed the wrongful acts complained of, whether the plaintiff has been damaged by such acts, and the amount of such damages."

Now, we submit, that the above is not law, and was cal-culated to mislead the jury, by causing them to believe that "this action" could be maintained by evidence, which would not sustain an action for "malicious prosecution;" and that, although in an action for "malicious prosecution," malice and the want of probable cause, must concur, in this action for damages, as the court called it, they had only to inquire whether the defendant did the wrongful acts complained of, and if so, what was plaintiff's damage, without regard to any excuse or justification which the defendant might offer.

And here, I wish to make the point, whether a party has not the right to have instructions asked by him, either given

or refused in the form he asks them; and whether the court has the power to make them pointless, by the whittling process of modification? The alteration of one word, or, rather, the substitution of one word for another, very often has the effect, although seemingly immaterial, to paralyze the whole effect of an instruction. This is all that will be presented upon the question of modification of instructions by the court; and this relates to the second and third errors assigned.

The first error assigned, is, that the court erred in refusing the fourth and ninth instructions asked by defendant. They were as follows:

4. " If defendant has shown that he acted under the advice of counsel, malice cannot be inferred from the want of probable cause."

9. " If the jury find from the evidence, that the defendant acted under the advice of counsel, given upon a fair statement of the real facts and circumstances in the case, they will find for the defendant."

These instructions were refused absolutely, and that, too, when the issue had been narrowed down to the fact, whether the defendant had acted under the advice of counsel, or not. Now, one of two things must be true: 1. Either that the issue made by the pleadings was immaterial; or, 2. That the court erred in refusing the fourth and ninth instructions of defendant. Assuming, then, for the sake of the argument, that the issue was immaterial, then the court erred in not awarding a repleader, upon the motion of defendant. Tidd's Pr. 813; Com. Dig. Pleader, R. 18; Bac. Abr. Pleas, M. 18; 2 Saund. 20; 1 Chitty's Pleading, 632. An immaterial issue determines nothing, and a verdict found upon one is of no force. A judgment cannot be rendered upon it.

But was the issue immaterial? If a person act under the advice of counsel fairly obtained, will that excuse him for a prosecution which is not sustained by evidence? If it does not, then, by the criminal records of the country, nine-tenths of all the prosecutions commenced, subject the informant, however laudable his motive in commencing a prosecution,

to an action for malicious prosecution. But, that acting *bona fide*, upon an opinion fairly obtained, will excuse a person, the court is referred to the following authorities: *Ravenga* v. *McIntosh*, 9 Eng. Com. Law, 225; *Leigh* v. *Webb*, 3 Espinasse, 165; *Haywood* v. *Cuthbert*, 4 McCord, 354; *McNeely* v. *Driskell*, 2 Blackford, 259; *Bennett* v. *Black*, 1 Stewart, 495. And more especially, as more directly in point, the following: *Snow* v. *Allen*, 1 Starkie, 502; *Hall* v. *Suydam*, 6 Barbour, 84; *Blunt* v. *Little*, 3 Mason, 102; *Willis* v. *Noyes*, 12 Pickering, 324; *Wilder* v. *Holden*, 24 Ib. 8; *Stone* v. *Swift*, 4 Ib. 389; *Sevens* v. *Fassett*, 27 Maine, 267; *Turner* v. *Walker*, 3 Gill and Johnson, 378; *Hall* v. *Hawkins*, 5 Humphreys, 357; *Somner* v. *Wilt*, 4 Serg. & Rawle, 19; 5 B. Monroe, 544; 11 Alabama, 916; 13 Ib. 311; 17 Ib. 27. If these authorities be law, then the court ought to have given the instructions asked by defendant.

The fourth error assigned is, that the court erred in giving the instructions asked by plaintiff. The objection to these instructions is general, and not specific, and is simply, that they, or some of them, conflict with law, and with the instructions given on the other side. The objections urged, however, relate more particularly to the 3d, 5th, 6th, 7th, 8th, and 12th. As to the last instruction being erroneous, I refer to *Adams* v. *Lisher*, 3 Blackford, 445, as showing that an acquittal of the accused, is not even *prima facie* evidence for him, in a case of this kind. The fifth error is, as to the charge given by the court. This is sufficiently referred to in the opening of the argument. The sixth error, in refusing to arrest the judgment, and award a repleader, has also been referred to. The seventh is, in refusing to grant a new trial. Ought a new trial to have been granted? In support of this error, I shall not stop to cite authorities. The pleadings show, that there was a demurrer sustained to defendant's first answer. That demurrer was specific, as it is required to be by the Code, and pointed out the only thing which would excuse defendant. So the court ruled at all events; and that was, that he must have acted upon the advice of counsel. Defendant seeks to accommodate

himself to the court, and to the plaintiff, and amends the answer to accord with their views, at one term of the court, by saying that he did act upon the advice of counsel, fairly obtained, &c. Upon this, plaintiff takes issue; and goes to the jury on that issue; and when it is found, at the next term of the court, that the defendant can prove, and does prove, the fact, that he acted upon advice of counsel fairly obtained, as set forth in his 9th instruction, the court and the plaintiff, both change their views of the law, and the court refuses the instructions asked by defendant on that issue, and at plaintiff's suggestion, charges in substance, that having obtained counsel is no defence, if the opinion of counsel be erroneous; or, as it affected the jury, that the opinion was good for nothing, and did not excuse, unless it resulted in the conviction of defendant. This was a trick of the opposite party, if not of the court. 11 Mod. 141. No amount of reasoning, can reconcile this matter. The action of the court, and of plaintiff's attorneys, was calculated to, and did, deceive and mislead the defendant, the jury, and every one else. The particular reasons for a new trial, are set forth in the motion, embodied in the bill of exceptions, to which the court is referred.

*Cloud & O'Connor* and *J. Butler*, for the appellee.

In reply to the first position of appellant, that the action of the plaintiff below, was "technically" for "malicious prosecution," and not for "false imprisonment," we take leave to say, that it was *technically* neither the one nor the other. It is simply and technically, a petition at law, under the Code of Iowa, and claims damages for an alleged malicious prosecution, and for a false imprisonment. So far, then, from its being error in the court below to say, that "This suit is not necessarily to be considered an action for malicious prosecution, as known in our judicial tribunals prior to the Code, but is, in fact, for the recovery of such damages, if any, as plaintiff has sustained by the alleged wrongful acts of the defendants," it is a particularly happy

expression of just what the law is, as applicable to this pe-
tition. If the counsel will take another look at the petition,
he will see, we think, that it is for damages, for: 1. Malicious
prosecution; 2. False imprisonment; and 3. Expenses and
losses incurred from Spring's wrongful conduct. We sub-
mit, then, that the view of the court below, of which ap-
pellant complains, is not only without error, but particu-
larly proper and relevant.

As to the point, that a court has no right to modify in-
structions asked by counsel, we differ from the appellant.
We think it is the duty of a court, where an instruction will
mislead a jury, to so modify it, as that the jury shall apply,
and not *mis*-apply, the law to the particular case. Now, in
this case, the appellant, who was defendant below, was in-
sisting on treating the plaintiff's case as though it were "an
action for malicious prosecution," antecedent to the Code of
Iowa. Was it not the duty of the court to so modify his
instructions, as to expose to the jury this essential fallacy?
The business of a court is to guide juries, not only to what
the law is, as applied to particular facts, but also to warn
them against what it is not. It is believed the court, in
this case, has not erred against the rights of the appellant,
in this behalf.

The next position of appellant is, that his fourth and fifth
assignments of error are well taken, or that the issue was
immaterial. It is a mistake' to assume, as the appellant
does in the argument, that there is, or was, but one issue,
and that, as to whether or not there was advice of counsel.
The real issue to the jury was, whether or not the appellant
had probable cause for the prosecution he commenced
against the appellee. The appellant now chooses to con-
sider it as conceded on both sides, by the pleadings and at
the trial, that if the party had advice of counsel, that then
he had probable cause. This never was conceded. It is
true, that the appellee demurred to a part of appellant's
original answer to petition, on the ground that nothing
that had been said or advised by third persons, other than
counsel learned in the law, could have anything to do with

the case. The court sustained the demurrer, and thereupon the counsel seems to take it for granted, that the court, and the counsel who demurred, are committed to whatsoever their ingenuity may have deduced from such action of the court. The argument of the appellant seems to go upon the assumption, that advice of counsel is always probable cause. The authorities cited by appellant, do not sustain that position. We admit, that those authorities do sustain fully the position, that in an action for malicious prosecution (which we wish the court distinctly to remember, this is not), advice of counsel, on a full and fair statement of all the facts, is an important circumstance; in some of the cases, conclusive of the question of probable cause. But while this much is conceded, it is insisted that the action of the court below was correct, because the law, as applicable to this case, was, in the opinion of the court, contained in the eighth instruction of plaintiff, with which that of defendant was in seeming conflict. That instruction, the eighth asked by plaintiff, is copied literally from 2 Starkie on Evidence, 915, and is in these words: "The defendant may give in evidence, any facts which show that he had probable cause for prosecuting, and that he acted *bona fide*, upon that ground of suspicion." But, continues the author, "It is no answer to the action, that the defendant acted upon the opinion of counsel, if the statement of facts, upon which the opinion was founded, was incorrect, or the opinion itself unwarranted." Now, we do think, this instruction contains all the law of the case; and although we have searched diligently, we have not found any authority contradicting, or even in conflict with, it; on the contrary, we find it everywhere supported. In the same book, Starkie on Evidence, 913, note, it is quoted of Lord Mansfield, that in summing up a case to a jury, he holds this doctrine: "That it was not necessary to prove express malice, for if it appeared that there was no probable cause, that was sufficient to prove an implied malice, which was all that was necessary to be proved, to support this action."

Now, if what we have just cited be the law, how can it

be said, that the court below erred in refusing the fourth instruction asked by defendant. But it is contended by appellant, that the court should have given his ninth instruction. We think not. If, under any circumstances, an instruction of that nature would be given, it ought only to be given, as thus modified: Instead of reading, " they will find for the defendant," it should read, " they will consider it in mitigation of damages." But how is this court to know the reason why the court below refused that instruction. It may have been refused, because the defendant offered no evidence on that question; because he failed to offer any evidence of the facts or statements which he made to counsel, upon which to get an opinion; or perhaps he failed to offer any proof, that he consulted counsel at all, or obtained any opinion from counsel. And the court will see by the record, that this portion of defendant's answer, is put in issue by plaintiff's replication. We say this may be the reason for refusing the instruction, and unless the contrary appears in the record, we believe it to be the rule and practice of this court, so to presume; that is, to presume that the instruction asked and refused, was irrelevant and immaterial. Counsel for appellant seems to proceed all through his argument, on two assumptions, both of which, we think, are false. First: That by demurring to his first answer, and alleging that the advice or suggestions of third persons learned in the law, could be urged as a defence, or even in excuse or mitigation; that we, therefore, admitted that the advice of counsel would be a complete defence to the action. Second: That it was simply necessary for him to allege in his answer, he had obtained advice of counsel, without making any attempt to prove it, although it is denied by plaintiff. Now, the first of these assumptions is far from correct; the second, is simply absurd. See the law from Starkie, as already quoted in the eighth instruction of plaintiff. It certainly is not the business of the court below, or the business of the appellee, to spread out on the record, the evidence, or the reasons for giving or refusing instructions to the jury. A naked proposition, although it may be in itself, abstractly

considered, correct and good law; yet if it has no bearing on the particular case, or is entirely irrelevant, because there is no evidence before the jury on the point upon which it bears, it is just as properly refused by the court, we take it, as if it were wholly unsound as a legal proposition.

If, then, the appellant assigns for error, instructions given or refused by the court below, he must, in order to enable this court to decide on those errors, intelligently, embody, at least, all the evidence bearing on the particular point in his bill of exceptions.    The principle here contended for, has been repeatedly recognized as the settled doctrine of this court, viz : that of all legal presumptions being in favor of the verdict and judgment below.    *Dunham* v. *Benedict*, 1 G. Greene, 74; *Mackemer* v. *Benner*, 1 G. Greene, 157; *Saum* v. *Jones County*, 1 G. Greene, 165; *Hampbell* v. *Salliday*, 1 G. Greene, 301.    Indeed, this is the law everywhere.    We are within the record, then, when we say, that the defendant offered no evidence in support of that allegation in his answer.    If we are correct so far, it follows necessarily, that there is no error in refusing to arrest the judgment, or in overruling the motion for a new trial.    The court below had all the evidence before it, and must have been competent to judge, whether the verdict was against evidence—the damages excessive—or that the jury were misled by the ruling of the court or its instructions.    We are totally at a loss to comprehend, what the counsel for appellant means, when he talks of a " trick of the opposite party, if not of the court." Certainly no trick was ever intended by the " opposite party," and this court will scarcely believe, that the judge of the court below, could have " started out " with any reasonable hope of successfully playing tricks, on so ingenious a gentleman as our friend, the counsel for appellant.

WRIGHT, C. J.—The appellant claims that this is an action on the case for a malicious prosecution.    This is denied by the appellee, he claiming that it is technically, neither an action for a malicious prosecution, nor for false imprisonment, but a petition under the Code, to recover damages for both.

And this latter view appears to have been the one adopted by the court below; for, in addition to the modifications stated, it appears that the jury were told, that this " was not necessarily to be considered an action for malicious prosecution, as known under our judicial tribunals prior to the Code, but is in fact for the recovery of such damages, if any, as plaintiff has sustained by the alleged wrongful acts of the defendant." Under the Code, we need not give this action a technical name, any more than we would any other action that might be brought. But that it must be governed by those rules and principles which obtain in actions for malicious prosecution, we have no doubt. The plaintiff seeks to make defendant liable for having maliciously, and without probable cause, charged and prosecuted him for a felony. The imprisonment and expenses incident to such a prosecution, go to enhance the damages of plaintiff—and yet these could not be recovered in this action, if the prosecution was not malicious. *Turpin* v. *Renny*, 3 Blackf. 211 ; *Bodwell* v. *Osgood*, 3 Pickg. 379; *Morgan* v. *Hughes*, 2 Term, 225 ; *Winebiddle* v. *Porterfield*, 9 Barr. 137. In all actions for malicious prosecution, the plaintiff must not only show malice, and a want of probable cause, but also that he was in some manner damaged, either in person by imprisonment, in reputation, or in property, by expenses incurred. 3 Blackstone, 126, note 21 ; *Savil* v. *Roberts*, 1 Salk. 13. The two last, almost necessarily result in all cases ; the first, may or may not exist. Whenever the prosecution is shown to be malicious, and without probable cause, the accused, if imprisoned on the charge, is of course, falsely so, so far as the prosecutor is concerned. But there could be no recovery for such imprisonment, without establishing that the prosecution was malicious, and without probable cause.

We are, therefore, unable to see why the court below, should have modified the defendant's instructions as asked ; or why it should have hesitated to recognize the action as being in the nature of case for a malicious prosecution. All the pleadings and record, show conclusively, that this is the character of the action, and the defendant must be made lia-

ble under the rules applicable thereto, or not at all. To not so treat it, we can well see, would reasonably tend to mislead the jury. When the defendant asked an instruction manifestly correct, as applied to this action, it was so modified by the court, as to be applied to an action for a malicious prosecution, and jurors, unacquainted with legal terms, might, therefore, well conclude that such was not the law, as applied to the case they were to determine. It was the duty of the court to determine the character of the action—by what rules and principles it was to be governed—and not leave it uncertain and confused, whether the law it was enunciating applied to the case at bar, or some other. And, therefore, in thus modifying these instructions, there was error.

The appellant further assigns for error, the giving, and refusing to give, the instructions contained in the statement of the case. The appellee insists, that as the evidence is not set out, this court cannot know, but that the defendant's instructions were properly refused, as not being applicable. We recognize the doctrine, that where correct instructions are refused, there should be sufficient to show their applicability, before such refusal will be held to be error. But in this case, we have the pleadings distinctly marking the issue to which these instructions point; the court gave an instruction, as asked by plaintiff, upon the same subject. Their refusal is not placed, or pretended to be, upon the ground of their inapplicability, and under such circumstances, we would not feel justified in treating them as foreign to the case. But aside from this view, the plaintiff procured an instruction, asserting the converse of the proposition contained in those of defendant's, which were refused; and if that given is incorrect, it will be just as fatal to the plaintiff, as to improperly refuse correct instructions. So that the question is fairly before us, whether the court erred in refusing and giving the instructions asked by the parties.

As to the first instruction, we think the language somewhat too general. To say that "if defendant acted under the advice of counsel, *malice* cannot be inferred from the want of *probable cause*," without qualification or limitation, is

not correct.   He may have misrepresented the facts; he may not have acted *bona fide*, under the counsel given, or he may himself have known or believed, that there was no cause for the prosecution; and if so, he would not be protected; and malice might be inferred from the want of probable cause, though he did act under the advice of counsel.

We then reach the only remaining question in the case— the one most discussed by counsel, and perhaps most important to the respective claims of the parties.   If the defendant made a fair statement of all the facts in the case to counsel, and acted upon the advice given upon such statement, is he liable, if that opinion should be erroneous or unwarranted?   Aside from authority, this court would not be united on this question.   We have no doubt, however, but that the decided current of authorities, sustains the position assumed by appellant, and we shall so hold.   Where a party lays all the facts before counsel, before beginning proceedings, and acts *bona fide*, upon the opinion given by such counsel, though that opinion is erroneous or unwarranted, he is not liable to this action.   This is the general expression of the rule.   If, however, the defendant misrepresents the facts to such counsel; if he does not act in good faith under the advice received; if he does not himself believe that there is cause for the prosecution or action; if counsel and client act in bad faith, in originating and urging the prosecution; he will not be protected, and in such cases the integrity or *bona fides* of his conduct, is a question of fact for the jury. *Snow* v. *Allen*, 1 Stark. 502; *Ravenga* v. *Macintosh*, 2 Barn. & Cres. 693; *Hall* v. *Suydam*, 6 Barbour, 84; *Blunt* v. *Little*, 3 Mason, 102; *Stone* v. *Swift*, 4 Pick. 389; *Thompson* v. *Massey*, 3 Greenl. 305; *Williams* v. *Van Metre*, 8 Mo. 339; *Tanner* v. *Walker*, 3 Gill & John. 378; *Stevens* v. *Fasset*, 27 Maine, 207; *Wills* v. *Noyes*, 12 Pick. 324; *Hall* v. *Hawkins*, 5 Hemph. 357; *Sommer* v. *Wilt*, 4 Serg. & R. 19; *Wood* v. *Weire et al.*, 5 B. Mon. 544; 5 Greenl. Ev. § 459.

As this case must go back for retrial, we state briefly some of the general rules that should govern the decision of it, and like cases.   To sustain this action, as already be-

fore stated, plaintiff must show that the prosecution origin-
ated in the malice of the prosecutor, and without probable
cause. To prove express malice even, is not sufficient,
unless the want of probable cause is also shown. So that
the want of probable cause cannot be inferred from express
malice; but, on the other hand, malice may be implied
from the want of probable cause. Numerous definitions
have been given to the term "*probable cause*," as used in this
action, but perhaps the clearest is to be found in *Weems* v.
*Duport et al.*, 3 Wash. C. C. 31, where it is defined to be, a
reasonable ground of suspicion, supported by circumstances
sufficiently strong in themselves, to warrant a cautious man
in the belief, that the person accused is guilty of the offence
with which he is charged. See upon this subject, and the
other rules above stated: *Davis* v. *Cook*, Nov. T. 1852; and
also, *Johnson* v. *Sutton*, 1 Term, 493; *Taylor* v. *Williams*,
2 B. & A. 857; *Musgrove* v. *Newell*, 1 Mees. & Wels. 585;
*Wilmarth* v. *Mountfort*, 4 Wash. C. C. 80; *Foshay* v. *Furgu-
son*, 2 Denio, 617; *Ulmer* v. *Leland*, 1 Greenlf. 135; *Wills* v.
*Noyes*, 12 Pickg. 324; *Adams* v. *Lesher*, 3 Blackf. 241; *Mur-
ray* v. *Long*, 1 Wend. 140; *Blunt* v. *Little*, 3 Mason, 112;
*Turner* v. *Walker*, 3 Gill & Johns. 377; *Stone* v. *Stephens*,
12 Conn. 219; *Carrico* v. *Inednun*, 1 A. K. Marsh. 224;
*Johnson* v. *Chambers*, 11 Iredell, 287; *Hall* v. *Suydam*, 6
Barb. 84; *Broad* v. *Horn*, 5 Bingham (N. C.), 722.

It is also well settled, that the question of probable cause,
is a mixed one of fact and law, involving two distinct con-
siderations, to be determined by two different tribunals.
The sufficiency of the circumstances to constitute probable
cause, is a question of law for the court; and the evidence
of the circumstances, is for the determination of the jury.
*Weems* v. *Duport et al.*, 3 Wash. C. C. 31. Malice is, in all
cases, a question of fact for the jury, and may be either ex-
press or implied. *Mitchell* v. *Jenkins*, 5 Barn. & Adol. 588,
*Newell* v. *Downs*, 8 Blackf. 523.

                                        Judgment reversed.