Hardin v. Branner.

Reversed.

## Hardin v. Branner.

1. Verdict: SPECIAL FINDINGS: MUST BE INCONSISTENT WITH GENERAL ONE. To entitle a party to judgment on a special verdict against a general one in favor of the other party, the special findings must be inconsistent with the general one, and must of themselves, or when taken together with the facts admitted by the pleadings, be sufficient to establish or defeat (as the case may be) the right to recover.

2. ——— DISAGREEMENT OF JURY IN SPECIAL VERDICT. If the jury fail to agree in a special finding, their answer showing such disagreement is the same as no answer, and can have no effect in the case.

3. Payment: BY SURETY IN UNSTAMPED NOTE. The fact that one standing in the relation of surety paid to the creditor his debt in an unstamped note which was accepted by the creditor in payment, is no defense in an action by the surety against the principal debtor to recover the amount thus paid. Whether the note thus accepted in payment can be collected or not is a matter into which the principal debtor cannot inquire.

Hardin v. Branner.

*Appeal from Clarke District Court.*

THURSDAY, JULY 23.

THIS is an action brought upon a bond executed by the defendant to the plaintiff, whereby, in part consideration of the purchase of a certain house and lot in Chariton, the defendant bound himself to pay a certain mortgage, specifying the amount thereof, executed by plaintiff to one C. W. Cowles upon the said lot. The plaintiff averred the failure of the defendant to pay the mortgage or any part thereof, and that plaintiff had been compelled to and had paid it off, and asked judgment for $1,500.

The defendant denied the allegations of the petition, and then, and for further answer, stated that he did execute the bond under the following circumstances : that a short time prior to the execution of the bond sued on, the plaintiff charged defendant with having seduced his daughter, and threatened to prosecute defendant criminally therefor ; that an arrangement was made between them whereby plaintiff agreed not to prosecute defendant, and defendant purchased and received a deed for the said house and lot for $1,200, and agreed to pay for the same by paying the mortgage thereon, which then amounted to $986.66, and giving his note for $213.34, payable one day after date ; that the plaintiff then executed to him, the said defendant, his convenant, whereby, in consideration (as expressed therein) of the sale and purchase of the house and lot at the price and terms mentioned, he, the plaintiff agreed not to prosecute the defendant, and to keep the matter a secret.

The answer also averred that the mortgage had been foreclosed by the mortgagee, and fully satisfied by the sale of the house and lot under the foreclosure judgment. It further appears from the transcript that the plaintiff

had transferred the note with some stipulation as to its payment, to one Evans; that Evans had sued thereon and defendant had pleaded illegal consideration, as herein, but Evans recovered judgment for the full amount, this plaintiff taking an active part in that suit. And it was claimed by plaintiff that the judgment therein was a bar to this defense.

The plaintiff claimed on the trial and testified, that the instrument, exhibited by defendant as made by plaintiff, agreeing not to prosecute, was not fully read to him when he signed it, and that he did not know or agree to its contents as it appeared when offered in evidence. It was also claimed by plaintiff on the trial, that the mortgaged property only brought part of the debt at the foreclosure sale, and plaintiff had paid the balance of the foreclosure judgment in his own note to the mortgagee, and which had been accepted by him in payment, and the judgment fully satisfied.

There was a jury trial. The evidence was voluminous and conflicting. On motion of the defendant, the court required the jury to find a special verdict upon certain questions of fact, and upon which the jury found, as shown by the answers to each; they also found a general verdict for plaintiff. Their verdict was as follows:

"We, the jury, find for the plaintiff, fixing our verdict at $620.                    D. BOWEN, Foreman.

"Int. 1st. Did Hardin sign the instrument offered in evidence by the defendant, purporting to be signed by him? A. Yes.

"Int. 2d. Does the weight of evidence show that said instrument was written out entire as it now appears? A. Yes.

"Int. 3d. Was the consideration of the instrument sued on, in part the promise of Hardin not to prosecute the

defendant for the alleged criminal offense? A. Yeas 5, nays 7.

"Int. 4th. Was it the agreement of Hardin and Evans that Evans was to sue on said note on Branner, or that Hardin would not stand liable? A. Yes.

"Int. 5th. Did Evans bring suit in less than one year after the note was indorsed to him? A. Yes.

"Int. 6th. Was Hardin discharged from liability to Evans on said note when the case of Evans against Branner was tried? A. Yes.

"Int. 7th. Has C. W. Cowles been paid the said mortgage debt out of said mortgaged premises? A. No.

"Int. 8th. Is the note which the plaintiff claims he gave to Cowles for the balance of said mortgage debt duly stamped. A. No.          D. Bowen, Foreman."

No motion for a new trial was made by defendant, but he filed his motion for judgment on the special findings of the jury. The plaintiff moved for judgment upon the general verdict. The court rendered judgment in favor of defendant upon the special verdict. The plaintiff appeals.

*Dungan & Stuart* with *Withrow & Wright* for the appellant.

*Perry & Townsend* for the appellee.

Cole, J. — There was no motion made by the defendant to set aside the general verdict; nor did he object in any manner to the verdict as rendered. The plaintiff moved to set aside the special verdict, as well as for judgment upon the general verdict, notwithstanding the special. But in this court the plaintiff's counsel do not claim there was error in overruling their motion to set aside the special verdict, but only that there was error in not rendering judgment

1. VERDICT: special finding: must be inconsistent with general one.

upon the general one. The only question, therefore, presented for our determination is, which party is entitled to judgment upon the verdicts as rendered ?

. . The general rule is, that to entitle a party to a judgment upon a special verdict, against a general verdict in favor of the other party, the special findings must be inconsistent with the general one; and such special findings must of themselves, or when taken together with the facts admitted by the pleadings, be sufficient to establish or defeat (as the case may be), the right to recover. Rev. §. 3080; Sceney's Ohio Code, § 277; Stanton's Ky. Code, p. 171, § 358; Howard's New York Code, § 262; see also *Lamb* v. *First Presbyterian Society, etc.*, 20 Iowa, 127, and authorities there cited.

Bearing in mind the issues and claims of the respective parties, as shown in the statement preceding this opinion, let us examine the special findings in their order. " First. Did Hardin sign the instrument offered in evidence by the defendant, purporting to be signed by him? Yes." That Hardin did sign the instrument, was not controverted by him; but his claim was, that by reason of his inability to read it (owing to the absence of his spectacles), the defendant had imposed upon him by reading only a part of it, and obtaining his signature by that device, and therefore it was not binding upon him. If such was the case, and there is nothing to show but the jury so accepted it, there was nothing in this finding inconsistent with the general verdict. But there is a further objection to this special finding, as to the first interrogatory, and it is this: it is not the finding of the ultimate fact, to wit, was the instrument the act or deed of the plaintiff, but only an item of evidence to prove that ultimate fact? Rev. § 3078. It was necessary, not only that he should have *signed* it, but he must have done so with a knowledge of its contents, or under such cir-

cumstances as in law would charge him therewith. This latter fact was alone denied by him. This finding was therefore both immaterial and inconclusive, and not inconsistent with the general verdict.

The second interrogatory, "Does the weight of evidence show that said instrument was written out entire, as it now appears? Ans. Yes," is like the first, already considered. It may have been written out, but not read to the defendant, or known by him to have been written out. How can the fact that it was written out, be an ultimate fact? It is only one fact or item of evidence going to show the ultimate fact of the due execution of the instrument. This finding, therefore, is no bar to plaintiff's right to judgment upon the general verdict. *Bukhead* v. *Brown*, 5 Hill, 634; *Fuller* v. *Van Geisen*, 4 id. 471.

The third question was as follows: "Was the consideration of the instrument sued on, in part the promise of Hardin not to prosecute the defendant for the alleged criminal offense? Ans. Yeas 5, nays 7." This was a very proper and pertinent interrogatory as to an ultimate fact. But the jury failed to find thereon, and the answer returned is the same as no answer. It can have no bearing upon the case.

2. —— disagreement of jury in special verdict.

As to the fourth, fifth, and sixth interrogatories, it may be conceded, so far as this case is concerned, that the answer thereto completely negatived the reply, as orally and in argument claimed by plaintiff, that the defendant was estopped or barred his defense of illegal consideration by reason of the former adjudication of the same question when sued upon the note by Evans. This bar, as set up in the evidence by plaintiff to the defendant's defense of illegal consideration, no reply by pleading being allowed (Rev. § 2895), may therefore be considered as being

found not true, by the jury.   But this still leaves the de- fendant with the burden of establishing his defense of illegal consideration.

The seventh interrogatory, " Has C. W. Cowles been paid the said mortgaged debt out of said mortgaged prem- ises ?   Ans.  No."  This answer is adverse to the defend- ant.   It is of an ultimate fact in favor of the plaintiffs, and is both consistent with and supportive of the general verdict. .

The eighth interrogatory was as follows :  " Is the note which the plaintiff claims he gave Cowles, for the balance 3. PAYMENT:  of said mortgage debt, duly stamped ?   Ans. by surety in un- stamped note.   No."   In a controversy between Cowles and this plaintiff in relation to this note, the fact that it was not stamped would be material ; but its materiality in this controversy is not apparent.   It is true that the plaintiff, in order to recover from the defendant, on his bond, the amount remaining due on the mortgage, after the sale of the mortgaged property, must show that he has satisfied the mortgage by payment or otherwise.   The giving of his own note, it has been frequently held, is a good payment if it has been so accepted by the party entitled to receive payment.

. Now, if the mortgagee has received the note from the plaintiff in payment of the balance due upon the mort- gage, that is sufficient to enable the plaintiff to recover, so far as that point is concerned.   Whether the note which has thus been accepted in payment can be collected or not, either by reason of its inherent defects, or the insolvency of the maker, is not a matter for the party who has prom ised to pay the said amount to inquire into.   The jury must have found, by their general verdict, that such note had been accepted in payment of the balance due upon the mortgage debt.   The plaintiff has therefore paid to the mortgagee, in discharge of his own obligation, an

amount which the defendant had promised to pay for him. Whether the party receiving the note can collect it, is a matter (in the absence of fraud or collusion) between him and the maker of the note only. The defendant can have nothing to do with it. Whether the note was stamped or not, or was void by reason of the want of a stamp, or only voidable, are questions entirely immaterial in this case.

The plaintiff was entitled to judgment upon the general verdict. The judgment of the District Court will be reversed, and the cause remanded with instructions accordingly.

Reversed.