CROUCH v. DEREMORE

1. **Special Verdict:** JUDGMENT ON: POWER OF COURT TO RENDER. A court cannot properly render judgment for plaintiff on a special verdict alone, unless, taken in connection with the pleadings, it is such as to show conclusively that the plaintiff was entitled to recover; and upon the application of this rule to the facts of this cause, *held* that the judgment upon the special verdict was improperly rendered.

*Appeal from Allamakee Circuit Court.*

THURSDAY, JUNE 15.

THE plaintiff William Crouch averred in his petition that in March, 1864, he was the owner of a county bounty warrant drawn in his favor for $100 by Allamakee county, and left in the custody of the clerk of the District Court of the

county; that afterwards, and while the warrant was in the custody of the clerk, the defendant fraudulently obtained the warrant from the clerk and afterwards fraudulently presented the same to the treasurer of the county and drew the money due thereon.

The defendant pleaded a general denial. He admitted, however, that he drew from the treasury the money due on a certain warrant for $100 made to William Crouch or bearer, which warrant he averred that he purchased of one Paddock. There was a trial to a jury, which was directed to make four special findings, and was not directed to render a general verdict. The jury made the special findings, which were to the effect that the warrant in question was drawn in favor of the plaintiff; that it was drawn payable to the plaintiff or bearer; that the plaintiff did not authorize any person to draw the warrant from the clerk or other county officer in charge of it; and that the defendant did not purchase it of Paddock. The jury rendered no general verdict. The plaintiff moved for judgment on the special verdict and the motion was sustained. The defendant appeals.

*L. O. Hatch, H. H. Stillwell* and *Dayton & Dayton*, for apppellant.

*J. W. Pennington, J. H. Boomer* and *S. S. Powers*, for appellee.

Adams J.—The defendant assigns as error that the court erred in rendering judgment in favor of the plaintiff and against the defendant on the special verdict.

Whether it was competent for the court in the absence of any objection by any one to submit the case for a special verdict alone, we need not determine, as that question is not presented. It is certain that the court could not properly render judgment for the plaintiff upon the special verdict, unless taken in connection with the pleadings it is such as to show conclusively that the plaintiff was entitled to recover.

The warrant having been drawn in the plaintiff's favor it was the duty of the clerk to deliver it only to the plaintiff or to some person upon his order. We must presume that it was so delivered unless the special verdict taken in connection with the pleadings shows that it was not. There is no direct averment in the petition that the warrant was not delivered to the plaintiff, nor to any person upon his order. The plaintiff predicated his right of recovery wholly upon the ground that the defendant obtained the warrant from the clerk by fraud. Now, unless the special verdict in connection with the pleadings shows such to be the fact, the plaintiff was not entitled to judgment. The jury did not find that the defendant obtained the warrant by fraud. There is nothing in it to overcome the presumption that the clerk delivered it to the plaintiff or to some person upon his order as it was his duty to do. But it is insisted that under the verdict *and pleadings* the law raised a conclusive presumption that the defendant obtained it by fraud, and that the court was justified in rendering judgment upon such presumption. The plaintiff's theory is that as the defendant averred that he obtained the warrant from Paddock, and that as the jury found that he did not, it is therefore to be conclusively presumed that he obtained it from the clerk by fraud. The warrant which the defendant avers that he obtained from Paddock is denominated in the answer as "a certain warrant." But conceding that the defendant intended by "a certain warrant" the warrant in question, we do not think that it necessarily followed from the mere fact that he did not obtain the warrant from Paddock that he obtained it from the clerk by fraud.

It was not necessary for the defendant to aver from whom he obtained the warrant. But having averred it, was it necessary for him to prove it? It was sufficient for him to rest upon his general denial. *Crosby v. Hungerford,* decided at the present term. No evidence was called for upon the defendants' part until the plaintiff had introduced evidence tending to show that the warrant was not delivered to him nor to

any person upon the plaintiff's order, and that it did come into the hands of the defendant. But the defendant's unnecessary averment and failure to prove it did not entitle the plaintiff to judgment.

REVERSED.