68 271<br>92 175

## O'DONNELL v. HASTINGS.

1. **Slander:** CHARGING LARCENY: GENERAL VERDICT SET ASIDE AND JUDGMENT ON SPECIAL VERDICT. Where the action was based on slanderous words which clearly imported a charge of larceny, and there was a general verdict for the plaintiff, but the jury found specially that the words as spoken, and as understood by the hearers, did not charge larceny, *held* that the general verdict was properly set aside, and judgment rendered for defendant on the special verdict. Code, § 2809.

*Appeal from Lucas District Court.*

WEDNESDAY, FEBRUARY 3.

THERE was a general verdict for the plaintiff, and also special findings. On the latter the defendant moved the

court to render a judgment in his favor notwithstanding the general verdict. The motion was sustained, and the plaintiff appeals.

*Jos. C. Mitchell*, for appellant.

*T. M. Stuart*, for appellee.

SEEVERS, J.—It is stated in the petition that the defendant maliciously spoke of and concerning the plaintiff the following words: "John O'Donnell, the old scoundrel, came down and stole my bull, and I can prove it; and if he don't come and settle it up, I will put him through, and will make him pay dear for taking him away." These words clearly import a charge of larceny, and, under the instructions of the court, the jury, in finding the general verdict, must have found that the words charged were spoken, and that a criminal offense had been charged.

The jury answered the following question in the negative: "Did the language used by the defendant, when considered in connection with all the other statements made by him at the same time, on the occasion mentioned in the petition, and also the facts and circumstances, create the impression or belief that the plaintiff had taken his bull, with intent to deprive him (defendant) of the ownership thereof?" In thus answering this question the jury must have found that the words as spoken and understood by the hearers did not charge that the plaintiff had committed the crime of larceny. Whatever the words on their face may have imported, the jury found that no crime was charged. The special finding, therefore, is in direct conflict with the general verdict. In such case judgment must be entered on the special finding. Code, § 2809.

AFFIRMED.