Acton v. Coffman.

## ACTON v. COFFMAN.

| | |
|---|---|
| 74 | 17 |
| 82 | 695 |
| 82 | 700 |
| 82 | 710 |
| 74 | 17 |
| 90 | 146 |
| 74 | 17 |
| 92 | 714 |
| 74 | 17 |
| 97 | 598 |
| 100 | 544 |
| 100 | 641 |
| 74 | 17 |
| 144 | 99 |

1. **Appeal:** PRACTICE: ABSTRACT NOT DENIED. A statement made in an abstract filed by the appellee, and which is not denied, will be taken as true.

2. ———— : ———— : NO BILL OF EXCEPTIONS. When the evidence and rulings thereon have not been preserved by a bill of exceptions, this court cannot pass upon alleged errors in rulings on the admission of evidence, nor upon the propriety of the instructions given.

3. **Malicious Prosecution :** GOOD FAITH : ADVICE OF COUNSEL : GENERAL AND SPECIAL VERDICTS. In an action for malicious prosecution, the court instructed that defendant was not liable if, before beginning the prosecution, he (1) laid all the facts before his attorney, and (2) acted in good faith upon the opinion of such attorney, and (3) he himself believed that there was cause for the prosecution. In answers to special interrogatories, the jury found the first two conditions for defendant, but the third one was not specially submitted to them ; and the general verdict was for the plaintiff. *Held* that the effect of the general verdict was that

defendant did not himself believe that there was cause for the prosecution, and that this was not inconsistent with the special findings. The court, also, without specially passing upon the point, inclines to think that the instruction was a correct statement of the law.

*Appeal from Pottawattamie District Court.*—HON. GEORGE CARSON, Judge.

FILED, MARCH 8, 1888.

ACTION for malicious prosecution. Trial by jury, verdict for plaintiff, judgment, and defendant appeals.

*E. A. Babcock* and *Lyman & Hunter*, for appellant.

*Fremont Benjamin* and *A. W. Askwith*, for appellee.

SEEVERS, C. J.—I. It is stated in an abstract, filed by the appellee, that no bill of exceptions was ever signed and filed. As this is not in any manner controverted, it must be deemed to be true. It follows, therefore, that, in relation to the introduction or rejection of evidence, the errors assigned cannot be considered, for the reason that there is no competent evidence before us that the rulings were made. Certain instructions were asked and refused, and such rulings are said to be erroneous, but we are unable to say that this is so, for the reason that the evidence has not been properly preserved by a bill of exceptions, and therefore we are unable to say that such instructions are applicable to, or justified by, the evidence.

1. APPEAL: practice: abstract not denied.

2. ——: ——: no bill of exceptions.

II. Because of the state of the record, there is but one error assigned that can be considered, and that is that, under the special verdict, judgment should have been rendered for the defendant, notwithstanding the general verdict. The court instructed the jury as follows:

3. MALICIOUS prosecution: good faith: advice of counsel: general and special verdicts.

"7. If you find from the evidence that, before the defendant commenced any criminal proceedings against the plaintiff, if he did commence any, he

laid all the facts in the matter before E. A. Babcock, Esq. ; that said Babcock is an attorney at law ; that he acted in good faith upon the opinion given by said Babcock ; that he believed himself that there was cause for the prosecution,—then he is not liable in this action, and your verdict must be for the defendant."

The following special interrogatories were submitted to the jury :

"(4) Did the defendant, Coffman, seek the advice of an attorney before he instituted the criminal proceedings complained of by plaintiff? (5) Did that attorney, with a full knowledge of the facts in the case, advise said Coffman that in his opinion a criminal suit was maintainable against this plaintiff? (6) Did defendant act on such advice in commencing the criminal proceedings in controversy herein?"

To each of these interrogatories, an affirmative answer was given by the jury, and the question is whether the facts thus found conclusively show that the general verdict is so inconsistent therewith that it must be set aside. It must be assumed that the jury followed the instructions above set out. Therefore, they must have found that, although plaintiff stated the facts to counsel and acted on the advice of counsel in commencing the criminal action, yet in doing so he did not act in good faith, or that he himself did not believe there was probable cause for the prosecution. It will be observed that the question of the good faith of the defendant, or whether he believed there was probable cause for the prosecution, was not submitted to the jury in the special interrogatories, and, therefore, the general and special verdicts are not inconsistent, and both can stand in full force. It is sufficient to say that, as the instruction above referred to was not excepted to, it constitutes the law of the case, and it was the duty of the jury to follow it, whether right or wrong ; but we incline to think it is a correct statement of the law. *Center v. Spring*, 2 Iowa, 393.

The court did not err in refusing to enter judgment for the defendant on the special verdict.

AFFIRMED.