ROBERT JOHNSON, Appellee, v. E. V. MILLER *et al.,* Appellants.

1. **Malicious Prosecution:** VERDICT: PRESUMPTION. Where in an action for malicious prosecution the jury, under proper instructions, returned a general verdict in favor of the plaintiff, *held,* that it must be presumed, in the absence of a special finding to the contrary, that the jury found that the criminal prosecution complained of was instituted by the defendant.

2. ———: ADVICE OF COUNSEL: BELIEF AS TO GUILT: GOOD FAITH: DEFENSE. It is no defense to an action for malicious prosecution .that the proceedings were instituted by the defendant upon the advice of counsel, after a full and fair statement to him of all the material facts in the case, if the defendant did not believe the accused to be guilty.

3. ———: PROBABLE CAUSE: EVIDENCE: SPECIAL FINDINGS: JUDGMENT. The special verdict returned by the jury showed a finding of facts such as to warrant a suspicion of the plaintiff's guilt of the crime of larceny, but not such as to lead to a belief of guilty. *Held,* that such verdict was consistent with a general verdict for the plaintiff upon the theory that the defendants did not believe the plaintiff guilty, and it must be presumed from the general verdict that the jury so found.

4. Practice: ARREST OF JUDGMENT. A motion in arrest of judgment is only available when the facts stated in the petition do not entitle the plaintiff to any relief whatever.

*Appeal from Black Hawk District Court.*—HON. D. J. LENEHAN, Judge.

TUESDAY, JANUARY 27, 1891.

ACTION for malicious prosecution. There was a trial by jury, by whom certain special findings were returned with a verdict for the plaintiff. The defendants' motion for judgment on the special findings and in arrest of judgment was overruled, and judgment was rendered for the plaintiff on the general verdict. The defendants appeal.—*Affirmed.*

*Boies, Husted & Boies,* for appellants.

*Wheeler & Moffitt* and *Wolf & Hanley,* for appellee.

GIVEN, J.—I. The questions presented by this appeal arise upon the defendants' motion for judgment, and their motion in arrest of judgment. Twenty-eight special interrogatories were submitted to, and answered by, the jury, two of which were at the request of plaintiff, and twenty-six at the request of defendants. The defendants' motion for judgment on the special findings is upon three grounds, namely: "*First.* Because it is established thereby that defendants did not institute

or commence the criminal prosecution complained of by plaintiff. *Second.* Upon the facts found, they are protected by the advice of counsel. *Third.* Upon the facts found, there was probable cause for prosecution." The interrogatories are not only numerous, but somewhat lengthy, and it is unnecessary to an understanding of the questions discussed that we more than. state their substance in connection with the questions under consideration.

II. There is no direct finding as to whether the defendants did commence the criminal prosecution

1. MALICIOUS prosecution: verdict: presumption.

complained of. In the absence of a special finding to the contrary, we must presume from the general verdict that the jury found that the defendants did commence the criminal prosecution. Such a finding was necessary to be made before they could find a verdict for the plaintiff, and all questions arising in the case, not covered by the special findings, are to be considered as having been found in favor of, and covered by, the general verdict. *Cook v. Howe,* 77 Ind. 442; *Rice v. Manford,* 11 N. E. Rep. (Ind.) 284; *Lassiter v. Jackman,* 88 Ind. 118; *Acton v. Coffman,* 74 Iowa, 17. It is fairly inferable, from the findings hereafter noticed, that the jury did fully understand this issue, and find that the defendants not only commenced the prosecution, but did have something more to do with prosecuting a second indictment than merely to state facts within their knowledge to the district attorney.

III. In response to the second interrogatory submitted by the plaintiff, the jury found that the

2. —: advice of counsel: belief as to guilt: good faith: defense.

defendants, in the prosecution of the plaintiff, did not "act in good faith, upon the advice of counsel, believing the plaintiff guilty of such charge." The following questions submitted at the request of the defendants were answered in the affirmative:

"If you have answered plaintiff's second interrogatory that defendants did not act in good faith, upon

the advice of counsel, believing plaintiff to be guilty, will you now answer whether defendants fully and fairly stated to the prosecuting attorney all of the material facts for and against the theory of plaintiff's guilt, which had come to their knowledge before the first indictment? *A.* Yes.

"*Q.* Did the district attorney, after such statement, advise defendants that there was probable cause to believe the plaintiff guilty, and advise defendants that his case should be submitted to the grand jury? *A.* Yes.

"*Q.* Did defendants go before such grand jury by reason of his advice, and in obedience to a subpœna, legally served upon them, and give their evidence, and the only evidence which they gave on that occasion? *A.* Yes."

It will be seen from these findings that while the jury found that the defendants fully and fairly stated to the prosecuting attorney all of the material facts for and against the plaintiff, which had come to their knowledge, they did not believe the plaintiff guilty of the larceny. The contention is, whether the advice of counsel is a protection to one who commences a prosecution against another who is not guilty, and whom he does not believe to be guilty. It is good faith that excuses from wrongfully commencing or continuing the criminal prosecution. Certainly one cannot be said to act in good faith who causes the prosecution of another on a charge of which he does not believe him guilty. In *Center v. Spring*, 2 Iowa, 393, it is said as the general expression of the rule, that if "the defendant misrepresents the fact to such counsel, if he does not act in good faith under the advice received, if he does not himself believe that there is cause for the prosecution or action, he will not be protected."* The court instructed that if the defendant acted in good faith upon the opinion given by the attorney, "that

---

* The opinion at this point should read : "In *Acton v. Coffman*, 74 Iowa, 17, the court instructed," etc. See supplemental opinion, p. 700.—REPORTER.]

he believed himself that there was cause for the prosecution," then he is not liable. In that case, the jury found specially that the defendant did seek the advice of counsel; that the attorney, with a full knowledge of the facts, advised that a suit was maintainable, and that the defendant acted on that advice in commencing the prosecution. In that case, as in this, the question was whether the facts thus found conclusively show that the general verdict is so inconsistent therewith that it must be set aside. The court says: "It must be assumed that the jury followed the instructions above set out. Therefore, they must have found that, although the plaintiff stated the facts to counsel, and acted on the advice of counsel in commencing the criminal action, yet, in doing so, he did not act in good faith, or that he himself did not believe there was probable cause for prosecution." In that case as in this, the instruction was not excepted to, and constituted the law of the case.

It is contended that the finding that the defendants did not act in good faith, upon the advice of counsel, believing the plaintiff guilty of the charge, is the finding of a mere inference or conclusion, and is overcome by the other findings. If it be the finding of a mere conclusion, it is sustained by the general verdict, and there is nothing in the other findings to negative it, as it is nowhere found, even by inference, that the defendants believed the plaintiff guilty.

IV. Probable cause is defined to be "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." It is a mixed question of fact and law. The sufficiency of the circumstances to constitute probable cause is a question of law for the court, and the evidence of the circumstances is for the determination of the jury. *Center v. Spring*, 2 Iowa, 393, and authorities therein cited.

3.——: probable cause: evidence: special findings: judgment.

The facts found by the jury are, in substance, these: Four calves were stolen from defendant Foreman on the night of June 3, 1874, in Jones county. In October following, Foreman found the calves in the possession of defendant Potter, in Green county. Potter claimed to have purchased the calves of the plaintiff, in Jones county, on June 4, 1874. Foreman soon after communicated these facts to the plaintiff, who conceded that he did sell the calves to Potter on or about June 4, 1874, and claimed that he had purchased them, while running on a common six or seven miles from Foreman's place, of a stranger who said his name was Smith, at about eleven o'clock, on or about June 4, to be delivered in a pasture six or seven miles away, where he afterwards found the calves, but did not find the stranger; that the plaintiff thereafter settled with Potter for the calves, and gave his note for the value thereof; and that the plaintiff never gave any other explanation of his possession of the calves to the defendants prior to the commencement of the criminal prosecution. The further findings show that these facts were known to the defendants, Foreman, Potter and Fall, at the time of the commencement of the prosecution, but were not known to the other defendants. There is a further finding that neither of the defendants had been informed of any mistake in the admission of the plaintiff that he had had the stolen calves in his possession, and sold them to Potter, until after the commencement of the criminal proceedings, and that at the time the proceedings were commenced, the defendants did believe the admission of the plaintiff, that he did have the stolen calves in his possession, to be true.

In instructing upon the question, whether the defendants had probable cause for believing the plaintiff guilty, the court, following the suggestion made on the former appeal (63 Iowa, 538), grouped together in an instruction the facts which the evidence tended to prove, and directed the jury that, if the defendants discovered and believed that the statements of the plaintiff, as to the details of the purchase as claimed by him, were

unreasonable, contradictory and improbable, then such facts coming to their knowledge, and believed by them, would, in law, constitute probable cause for a criminal prosecution. There is no direct finding as to whether there was probable cause or not, and the facts found, though such as to warrant suspicion, do not necessarily lead to a belief of guilty. The inference from the general verdict is that the jury found that there was a want of probable cause, and this they might do upon the conclusion that the defendants, though believing the plaintiff's explanation of his possession to be suspicious, did not believe him guilty. It is only when the special findings of facts are manifestly inconsistent with the general verdict that the special findings should control. *Hardin v. Branner*, 25 Iowa, 364; *Clark v. Warner*, 32 Iowa, 219; *Mershon v. Ins. Co.*, 34 Iowa, 87; *Conners v. Railroad*, 71 Iowa, 490. There is no manifest inconsistency between these findings and the verdict. They are reconcilable upon the theory that the defendants did not believe the plaintiff guilty.

As it follows from these conclusions that the appellants' motion for judgment on the special findings was rightly overruled, it is unnecessary that we notice the discussion as to the defendants' liability for the finding for the second indictment.

V. A motion in arrest of judgment is only available "if the facts stated by the petition do not entitle the plaintiff to any relief whatever." Code, sec. 2650. The ground of defendants' motion is that the court having instructed the jury to find for the defendants, on the charge of conspiracy, there were no allegations upon which a joint judgment could be rendered against the defendants. It is a sufficient answer to say that the facts stated in the petition did entitle the plaintiff to some relief, and, therefore, the questions discussed could not be raised by a motion in arrest of judgment.

4. PRACTICE: arrest of judgment.

A careful consideration of the whole record leads us to the conclusion that the judgment of the district court should be AFFIRMED

### SUPPLEMENTAL OPINION.

GIVEN, J.—Our review of the former opinion in the respects in which it is questioned by the petition and argument for a rehearing leads us to the conclusion that there is no sufficient reason for granting a rehearing. The petition is, therefore, overruled.

On the hearing of that petition our attention was called to our omission in the third paragraph of the opinion, as filed and published in 47 N. W. Rep. 903, to cite the case of *Acton v. Coffman*, 74 Iowa, 17, in the proper connection. Following the quotation in that paragraph from *Center v. Spring*, 2 Iowa, 393, the opinion should read as follows: "In *Acton v. Coffman*, 74 Iowa, 17, the court instructed," etc., as found in the opinion.