W. A. HAWLEY, Administrator, Etc., v. CITY OF ATLANTIC, Appellant.

Practice: VERDICT NON OBSTANTE. Where it is charged that a child was killed by the failure of a city to prevent it from getting from a street into a sandpit, a finding that the banks caved in upon it and that the jury "can't say" whether the accident would have occurred even if the city had maintained barriers reasonably sufficient to protect persons lawfully using the street, does not entitle the city to a judgment, notwithstanding the general verdict against it. DEEMER, J., took no part.

*Appeal from Cass District Court.*—HON. H. E. DEEMER, Judge.

TUESDAY, OCTOBER 16, 1894.

ACTION for the recovery of damages for the death of Frederick J. Hawley, a minor child. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Rockafellow & Scott* and *J. W. Scott* for appellant.

*DeLano & Meredith, Willard & Willard* and *H. G. Curtis* for appellee.

KINNE, J.—I. The petition charges that the death of plaintiff's intestate was caused by the negligence of the defendant in permitting parties to excavate in one of the public streets of defendant city, and to take therefrom sand, thereby making a hole, the banks of which were nearly perpendicular, and liable to give way, causing the death of anyone who happened to be in said pit; that the condition of said pit was open and notorious for such a length of time that, in the exercise of ordinary care, defendant and its agents and employees could have known thereof, and have prevented

accidents by placing obstructions about said pit, or causing it to be filled; that on November 27, 1890, Frederick J. Hawley, then a small boy, about seven years of age, and living in the vicinity of said pit, while passing along or playing in the public streets of defendant, was tempted and induced by the situation of said excavation to go into the same for the purpose of digging and hauling sand therefrom in play, and while therein, and without fault or negligence on his part, and by reason of the negligence of defendant, the earth caved in, and fell upon him, causing his death. Damages are claimed in the sum of fifteen thousand dollars. The answer denies all of the allegations of the petition. The cause was tried to a jury, who returned a verdict for plaintiff for five hundred dollars. The court submitted to the jury the following, among other, special interrogatories: "Do you find that the deceased left the street and went upon the adjacent premises, and was there killed by the banks of said pit caving upon him?" "Yes." "Do you find that the accident would have occurred even if the city had at the time and place maintained guard railings or barriers reasonably sufficient for the protection of persons lawfully using the said street?" "Can't say." Defendant moved for a judgment on the special findings on the grounds that it was not shown that it was guilty of any negligence; that the jury failed to find that the accident occurred by reason of the want of barriers or guard rails; that there is no evidence to support the general verdict; that the special findings are opposed to and inconsistent with the general verdict, and show that defendant is not liable. The court overruled the motion, and entered a judgment on the verdict. None of the evidence is set out in the record.

II. As counsel rely only upon the interrogatories and answers above set out, we have omitted those from which nothing is claimed. By the answer to the first

interrogatory the jury found that the accident did not
occur upon the street, but upon premises adjacent there-
to. The answer, "Can't say," is equivalent to no
answer at all. The case of Talty, administrator, against
the same defendant, and decided at this term (60 N.
W. Rep. 516), arose out of the same accident, and the
law applicable to such cases is thus stated therein:
"The rule applicable to the city in determining whether
its officers were negligent is, was the situation of the
sandpit in such close proximity to the street, the con-
ditions of the pit as to its extent and all surroundings,
such as to require the authorities of the city, in the
exercise of reasonable judgment, to anticipate that
children might be allured to the pit from the street, and
with shovels and spades excavate holes in the bank to
such an extent as to endanger their lives?" It is also
held in that case that the question as to whether the
pit where the accident occurred was in the street or
adjacent to it was not controlling. It follows from the
law as established in the *Talty* case that the finding of
the jury that the accident happened outside of the limits
of the street does not necessarily affect plaintiff's right
to recover. It depends upon the situation of the pit
with reference to the street, its extent, and other cir-
cumstances; and, as we have no evidence in this record,
we must assume that the necessary facts were established
to warrant the verdict, unless the answer to the other
interrogatory shows the contrary. It is claimed that
the answer, "Can't say," should be taken as showing
that the jury failed to find the city negligent, and hence
the finding and the general verdict are not consistent.
As we have said, the answer is to be treated as if none
had been given. It is not necessarily inconsistent with
the general verdict. To warrant a judgment upon
special findings against a general verdict, the findings
must be absolutely inconsistent therewith. *Crouch v.
Deremore*, 59 Iowa, 43, 12 N. W. Rep. 759; *O'Donnell*

*v. Hastings*, 68 Iowa, 271, 26 N. W. Rep. 433; *Mershon v. Insurance Co.*, 34 Iowa, 87; *Lamb v. Society*, 20 Iowa, 127; *Hardin v. Branner*, 25 Iowa, 364; *Bills v. City of Ottumwa*, 35 Iowa, 107.    There was, then, no error in overruling defendant's motion.    AFFIRMED.

DEEMER, J., took no part.