TIMOTHY CRYNES v. CITY OF INDEPENDENCE, Appellant.

**Judgment Non Obstante:** SPECIAL FINDINGS: *Defective walks.* The petition in an action against a city for injuries resulting from a broken plank in a sidewalk alleged the customary use of such sidewalk for the unloading of trunks thereon, and that it was of insufficient strength to stand such use. The jury found that the plank was old, but not decayed, and was broken by a trunk falling on it. *Held*, that the special findings, not being inconsistent with the theory presented by the petition, would not authorize a judgment for defendant notwithstanding a general verdict for plaintiff.

**Appeal:** *Instructions not complained of.* Where there are no objections to the giving of instructions, they will be considered on appeal as the law of the case.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

WEDNESDAY, JANUARY 29, 1902.

SUIT at law to recover. for personal damages caused by a defective walk. Trial to a jury, and verdict and judgment for the plaintiff. Defendant appeals.—*Affirmed.*

*L. F. Springer* and *Ransier & Everett* for appellant.

*E. E. Hasner* for appellee.

SHERWIN, J.—The petition, as amended, alleges that the walk where the plaintiff received his injuries was almost constantly subject to severe usage by the unloading of heavy trunks thereon, which was well known to the defendant, and that the walk was of insufficient strength and thickness for such use. The plaintiff received his injury between 10 and 11 o'clock at night by stepping on a plank in the walk that had been broken only two or three hours before by a heavy trunk that had fallen upon it from a dray. There was no evidence of actual notice to the city of the broken plank before the accident occured. The court gave the jury instructions covering the issues presented by the petition as amended. They are not complained of, and must be accepted as the law of the case. A number of special interrogatories were submitted to the jury at the request of the defendant, which were all answered. No. 9, and the answer thereto, were as follows: "Did any of the officers of the defendant city have actual notice that such broken plank was broken before the plaintiff received his injury? Ans. Yes." The general verdict was for the plaintiff, and the answer to the ninth interrogatory was clearly wrong, because there was no evidence to support it, and it was set aside for that reason on motion of the defendant. After this answer had been eliminated from the record, the defendant moved for a judgment on the special findings, on the ground that they were inconsistent with the general verdict, and for other reasons not necessary to enumerate here. This motion was rightly overruled. The special findings were to the effect that the plank was broken at 7 or 8 o'clock of the same evening that the plaintiff was injured; that it was old, but not decayed or rotten; and that it was broken by a trunk falling upon it. None of these findings were inconsistent with the theory presented by the plaintiff's amendment to his petition, upon which the court duly instructed the jury, and which instructions, we may say in

the passing, were warranted by the evidence. It is a familiar rule that, to warrant a judgment upon special findings against a general verdict, such finding must be absolutely inconsistent therewith. *Hawley v. City of Atlantic,* 92 Iowa, 172, and cases therein cited.

The only question before us is the correctness of the ruling on this motion, and the judgment is therefore AFFIRMED.