<div style="margin-left:2em">4.<br>proof of<br>ownership.</div>

It is objected that there was no evidence to warrant this instruction. The objection is well taken. There is an entire absence of evidence of the ownership of the horse. There is no proof of possession. The ownership was an issuable fact. It was necessary for the plaintiff to prove in some way that he was the owner. He did not even make the *prima facie* proof by showing possession in himself. For this error the judgment must be reversed, and the cause remanded for a new trial.

REVERSED.

---

## RICE & SON v. PLYMOUTH COUNTY.

1. **Practice in the Supreme Court:** ABSTRACT: EVIDENCE. To secure the review of a verdict by the Supreme Court on appeal, the abstract should show not only that the bill of exceptions contains all the evidence, but that the abstract itself does.

*Appeal from Woodbury District Court.*

WEDNESDAY, JUNE 9.

ACTION to recover for certain lumber sold and delivered to one Griffin by the plaintiffs, for which it is alleged the defendant agreed to pay. Trial by jury; verdict and judgment for the plaintiffs, and the defendant appeals.

*Chas. C. J. Ball* and *J. H. Swan*, for appellant.

*Joy & Wright*, for appellee.

SEEVERS, J.—This cause was before us at a former term, and is reported in 43 Iowa, 136. The errors assigned on the present appeal are, that the court erred in admitting and excluding evidence; that the court erred in refusing certain instructions asked, and that the verdict is contrary to the instructions given. None of these errors are argued by counsel for the appellant. They will, therefore, be deemed waived. Such is the settled rule. A citation of adjudicated cases in its support may well be omitted.

1. PRACTICE in the supreme court: abstract: evidence.

The only error to which our attention has been called by counsel is that the verdict is against, and not supported by, the evidence, and counsel for the appellees insist that the abstract does not purport to contain all the evidence, and, therefore, we cannot correct the supposed error of the court below in refusing to set aside the verdict and granting a new trial.

The abstract states as follows: "At the March term, 1879, of said court, the said cause was tried by a jury, and upon such trial the following proceedings were had, and evidence introduced, and exceptions taken, as shown by the bill of exceptions made, signed and filed as a part of the record of said cause. The plaintiffs, to sustain the issues on their part, offered the following evidence."

Following this statement is certain evidence, instructions asked and refused, and such as were given. Immediately following the latter is this statement, which is the closing portion of the bill of exceptions:

"And this being all of the evidence as given and received, and the objections and exceptions of the defendant to the admission or exclusion of said evidence; all of the charges given by the court to the said jury, and the exceptions of the defendant to the giving of the same; and the instructions

asked by the defendant to be given by the said court to the jury, and refusal of the court to so charge, and the exceptions of the defendant to such refusal. The defendant asks the court to sign this, its bill of exceptions, and make the same a part of the record, which is done accordingly, this 26th day of March, 1879.        C. H. Lewis, *Judge D. C."*

It is quite apparent the bill of exceptions contains all the evidence. As we infer a transcript has been filed, and it will be there found without much doubt. But as the correctness of the abstract is not disputed, we do not, under the settled practice, look into the transcript. The point made by the appellees is the insufficiency of the abstract, conceding its correctness.

We are forced to the conclusion that the abstract only purports to set out what is said to be in the bill of exceptions, and it does not state that all the evidence contained in the bill of exceptions is set out in the abstract. Before this court can set aside a verdict, it must clearly appear all the evidence introduced on the trial below is in the abstract. This practice is so well settled that it is unnecessary to cite cases in its support.

AFFIRMED.