MITCHELL v. CAHALAN ET AL.

1. **Practice in Supreme Court:** TRIAL DE NOVO: DEFICIENT ABSTRACT. A trial *de novo* cannot be had where the abstract does not purport to contain all the evidence offered below; and printing in the abstract the certificate of the judge and clerk, which are attached to the transcript, and intended to show that all the evidence has been preserved of record, does not show that all the evidence has been presented in the abstract.

*Appeal from Fayette Circuit Court.*

THURSDAY, JUNE 12.

ACTION in chancery to require defendants, one of whom is a road supervisor, and the others sureties on his official bond, to restore a water-course, changed by defendant, the road supervisor, to its original channel, and to recover damages resulting from the change. There was a decree in the court below for defendants. Plaintiff appeals.

Mitchell v. Cahalan et al.

*S. S. Powers*, for appellant.

*Ainsworth & Hobson*, for appellees.

BECK, J.—The case, if reviewed in this court at all, is triable *de novo*.

The abstract upon which it is submitted to us fails to allege, or show in any manner, that it contains all the evidence. Upon this ground defendants object to the consideration of the case in this court. We have often held that we will not try a case *de novo*, unless the abstract shows that it contains all the evidence upon which it was tried in the court below, and offered by the parties.

The plaintiff prints with his abstract the certificates of the judge trying the case, and of the clerk of the court, which are attached to the transcript, and intended to show that all the evidence was preserved of record. But these certificates do not pretend to show that the abstract contains all the evidence. Indeed, they were not intended to establish that fact, for the reason that they were made before the abstract was prepared and printed. We have repeatedly held that the certificates of the judge, reporter or clerk, intended to show that all the evidence is presented by the record, if printed with the abstract, will not, without more, show that the abstract contains all the evidence. See *Rice & Son v. Plymouth County*, 53 Iowa, 635. For the reason that the abstract fails to show that is contains all the evidence, the judgment of the circuit court must be

AFFIRMED.