G. W. GILBERT, Appellant, v. O. C. MILLER, Appellee.

Appeal: RECORD : EVIDENCE.

*Appeal from Black Hawk District Court.*—HON. JOHN J. NEY, Judge.

TUESDAY, FEBRUARY 3, 1891.

ACTION to recover half the value of a party wall built by the plaintiff on a line between the lots of plaintiff and defendant, and subsequently used by the defendant. The defendant, answering. denied indebtedness to the plaintiff, and pleaded a counterclaim for damages

accruing to him by reason of the faulty construction of the wall. The cause was submitted to the court without a jury, and a judgment was entered against each party, each being adjudged to pay the costs made by him. Each party appeals. The plaintiff, first perfecting his appeal, is designated as the appellant.—*Affirmed.*

*Mullen & Hoff,* for appellant.

*Boies, Husted & Boies,* for appellee.

*O. C. Miller, pro se.*

BECK, C. J.—I. The petition alleges that the plaintiff, in erecting an addition in the rear of a three-story brick building owned by him, built a party wall on the division of his lot, resting one-half on his land and one-half on the adjoining lot of defendant, and that defendant subsequently built an addition to his building adjoining plaintiff's front building, which extends along plaintiff's line, and in so doing used the party wall erected by the plaintiff. The defendant denies that the wall in question rests one-half on plaintiff's land and alleges that it rests more than one-half on defendant's lot, and, not being parallel with the division line of the lots, it extends more than five inches beyond the line upon which the plaintiff is entitled to build. The defendant alleges that he built a one-story addition to his building, and in so doing used the wall built by the plaintiff. In an amended answer the defendant alleges that the plaintiff and one Cohn, the defendant's grantor, together constructed the front building, and in so doing established the division line of their lots, and built the partition wall therein according to such line, which has ever since been so recognized and acquiesced in without dispute; wherefore, it is claimed, that the plaintiff is estopped from claiming the true line to be other than was so established. Each party assigned as errors the rulings of the court below against him upon the admission of evidence, the findings of the court, and the judgment against him, on the ground that they are not supported by the evidence.

II. The abstracts—the original by the plaintiff, and the amended by the defendant—fail to show that they contain all the evidence. It is nowhere averred or shown by either party that the abstracts, singly or together, present all the evidence. We cannot, therefore, consider the assignment of errors of either party based upon the alleged insufficiency of the evidence, and review the judgment of the court below thereon.

III. The defendant was permitted, against plaintiff's objections, to prove by his own testimony and the evidence of another the manner and character of the construction of the party wall, the value of the property, and the cost of changing the wall. It is insisted that this evidence ought not to have been admitted, for the reason that the defendant, having accepted and used the wall with notice of the fact that it varies from the true line, cannot object to paying one-half

thereof, and cannot claim damages on his counterclaim on account of such variation. The objection to the evidence is based upon facts which do not appear to have been admitted by the pleadings or otherwise. It was not competent for the court to determine upon the evidence that these facts were established. That was a question for the jury. But, even were the decision based upon the determination that the facts were not established by the evidence, we cannot say that the court's conclusion was wrong, for we have not all the evidence before us. We conclude that plaintiff, on his appeal, shows no error in the rulings of the district court.

IV. The plaintiff, against defendant's objection, was permitted to introduce evidence tending to show what was the true division line between the lots of the parties. The evidence, it is insisted, was not competent, for the reason that the plaintiff, having joined with defendant's grantor in erecting the main buildings and establishing the party wall between them, and for fifteen years recognized it, cannot now be permitted to show that it was not the true line. But as the facts upon which the objection is based are not admitted by the plaintiff, and it was not competent for the court to determine them, and, if competent, we could not review the court's decision thereon, because we have not all the evidence before us, we are required to hold that the court below rightly overruled the defendant's objection to the evidence.

These considerations lead us to the conclusion that the judgment of the district court ought to be, on the appeals of both parties, AFFIRMED.