Our conclusion upon the whole record is that the judgment of the district court must be REVERSED.

---

OLE JOHNSON, Appellee, v. THOMAS R. JOHNSON, Appellant.

1. Appeal: RECORD: EVIDENCE. In an action on a promissory note, where the defense was a former adjudication, the record on appeal showed that W., an alleged former holder of the note, had brought an action on it in the district court; that the defendant, by the clerk of the court, identified the judgment docket, appearance docket, judgment record and court calender, in relation to the case of W. against

the defendant, for a certain term of court, and the files and pleadings in said case; that an objection by the plaintiff on the ground of immateriality was sustained, and that the defendant excepted. *Held*, that the objection could not be considered, since the identified record did not appear to have been offered in evidence, and it was not possible to determine at what the objection was aimed.

2. ———: ———: ———. Where the abstract does not show that it contains all the evidence, or what part of it, if any, is omitted, the supreme court can not consider whether the verdict is sustained by the evidence, nor whether certain testimony was properly admitted.

*Appeal from Story District Court.*—HON. D. R. HINDMAN, Judge.

MONDAY, JANUARY 30, 1893.

ACTION on a promissory note. There was a defense of former adjudication, and a counterclaim for the value of a horse. From a judgment for the plaintiff, the defendant appeals.—*Affirmed.*

*J. F. Martin* and *A. L. Bartlett*, for appellant.

*J. A. Fitchpatrick*, for appellee.

GRANGER, J.—I. The plea of a former adjudication is based on allegations that one Wilson was the owner of the note in suit, and brought an action thereon, which was dismissed by the court for a .failure or refusal of the plaintiff therein to comply with the order of the court in certain matters. On the trial of this case in the district court the following appears, and it is all there is in the record as to the former adjudication, except a statement that Wilson sued this promissory note in the district court of Story county: "C. M. Morse, clerk of court, sworn on defendant's part. The defendant identifies by the clerk of court judgment docket 10, page 262, appearance docket, judgment record, court calendar, case No. 2,700, James E. Wilson *v.* Thomas

1. APPEAL: record: evidence.

R. Johnson, for the November term, 1889; also the files, pleadings, in the said case. Objected to by the plaintiff as immaterial. Objections sustained, and the defendant excepts." It does not appear that the identified record was offered in evidence, nor are we able to determine what the objection was to. The appellce urges that the record is such that we should not consider the point, and we think the position must be sustained. In fact, there is nothing to consider, unless we assume what the record does not allow.

II. Two other assignments are argued, but both depend for consideration upon the state of the evidence in the case, one requiring all the evidence, for it goes to its sufficiency to sustain the verdict; and the other requires so much of the evidence as will enable us to determine whether or not certain testimony was properly admitted. There is some evidence in the record, but the abstract is entirely silent as to how much or what part of it is there. In this respect there is no statement whatever. With such a state of the record we can not determine the questions.

The judgment is AFFIRMED.