CATHERINE WICKE, Appellant, v. IOWA STATE INSURANCE COMPANY.

Notice to Insurer: BY RECORDING MORTGAGE. Recording a mortgage on insured property is not such constructive notice to the insurer as to make its subsequent acceptance of premiums from the mortgagor a waiver of conditions in the policy prohibiting mortgaging without the insurer's consent. Under Code, section 1944, entry by the recorder simply gives constructive notice of the rights of the grantee to persons dealing with reference to the title of the property affected by the entry. (5)

PRACTICE: ADMITTING TESTIMONY AFTER CASE IS CLOSED. Rests within the sound discretion of the trial court. (7)

PRACTICE IN SUPREME COURT: MOTION TO STRIKE: NOTICE. A motion to strike will be overruled where no notice of its filing has been given. (2)

NECESSARY RECITALS IN ABSTRACT NOT SUPPLIED BY BILL OF EXCEPTIONS. A recital in the bill of exceptions, that it contains all the evidence given, received or offered, does not show that the abstract is an abstract of all the evidence; and on such record, such questions, only, as may be determined without reference to the evidence, will be considered. (4)

ASSIGNMENTS OF ERROR TO BE SPECIFIC. An assignment directed against instructions by number, only, and which points out no particular error, is insufficient. (6)

SAME. An assignment, that "the court erred in overruling the defendant's motion for new trial," which motion contains twelve grounds, does not properly raise the question whether special findings have support in the evidence. (6)

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, JANUARY 27, 1894.

ACTION on two policies of insurance. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Craig, McCrary & Craig, Smith & Clemans* and *McVey & Cheshire* for appellant.

*Rickel & Crocker* and *Davis & Voris* for appellee.

KINNE, J.—I.   This is an action against the defendant, a mutual insurance company, upon two policies of insurance issued by it.   Policy number 34067 was issued to Zabortskey & Loder, on November 12, 1888, for two thousand dollars, on a stock of goods, store furniture, etc., situated in a certain building in Fairfax, Iowa.   Policy number 32293 was issued to Joseph Zabortskey for one thousand, five hundred dollars, on the building which contained said goods, and which was used as a dwelling house and store room.   These policies were transferred until finally plaintiff became the owner of them.   September 10, 1890, the building and its contents were destroyed by fire.   It is alleged that, after the fire, the company was duly notified of the loss, and proofs of loss duly made, as required by the policies.   Judgment is asked for three thousand, five hundred and fifty dollars, with interest.   Attached to the petition is a copy of the policy, the application and by-laws of the defendant. The defenses are, as to the first policy:   *First.* Other insurance upon the property, which was concealed from the defendant.   *Second.* A violation of the terms of the policy, in permitting the building in which the insured property was, to be used for purposes other than those set out in the application, and which use increased the risk.   *Third.* Allowing gasoline to be used upon the premises, in violation of the terms of the policy.   *Fourth.* That proofs of loss were not furnished, according to the terms of the policy.   As to policy number 32293, the defenses are:   *First.* Change of occupancy of the building, contrary to provisions of the policy.   *Second.* Use of gasoline in violation of the

terms of the policy. *Third*. Execution of a mortgage upon the insured building, in violation of terms of the policy. In a reply, plaintiff charges that defendant, with full knowledge of all the matters now relied upon as a defense, received and retains the premium notes, and has received and retained assessments provided for by its by-laws, and has thereby waived its right to insist upon such defenses; that the change of use in the building was a mere casual one, which did not increase the risk, and was not the cause of the fire; that gasoline was used only for testing gasoline stoves as it is ordinarily used in the business of selling such stoves, and that such use did not violate the terms of the policy; that the mortgage referred to was executed, and on December 29, 1888, indexed and filed for record, and recorded, as provided by law, and was notice to defendant, who thereafter made an annual assessment upon the then holder of the policy, and owner of the property, which he paid, and that same, as well as the premium note, is still retained by the defendant, which facts are pleaded as a waiver of defendant's right to avoid the policy because of the giving of the mortgage. It is further alleged that, after the defendant had full knowledge of all the matters pleaded by it, it demanded of plaintiff further proofs of loss, and compelled the parties to submit to an examination under oath touching the loss, whereby defendant has waived its right to insist upon its defenses. The defendant denies all the allegations of the reply.

II. Appellee files a motion to strike the amended assignment of errors, the additional reply, and the second amendment to the abstract. All these motions must be overruled, as no notice of their filing was given to appellant. Sup. Ct. Rule, section 52.

III. A motion is made to strike the evidence, because the same has not been preserved by a proper bill of exceptions. We think that the motion is not

well taken, but, in view of what is hereafter said, we need not discuss the question further, or cite authorities in support of our conclusion.

IV.   It is insisted that there is nothing in the abstract stating that it is an abstract of all the evidence.   We have examined it, as well as the amendments thereto, with care, and find nothing therein indicating that it is claimed to be an abstract of all of the evidence.   The only reference thereto is in the bill of exceptions, wherein it is stated: "And the above being all the evidence given, received, or offered on the trial of said cause," etc.   There is no doubt that the bill of exceptions contained all of the evidence.   But such a statement in the bill of exceptions does not even tend to show that the abstract is an abstract of all of the evidence.   We have held that such a statement in the bill of exceptions is not sufficient to show that we have an abstract of all of the evidence before us.   *Rice v. Plymouth Co.*, 53 Iowa, 635, 6 N. W. Rep. 23.   With this condition of the record, we are limited to a consideration of such questions only as may be determined without reference to the evidence.

V.   It is insisted that the court erred in giving the seventh instruction to the jury.   It is as follows: "It having been shown by the undisputed evidence that after the mortgage referred to, covering the building insured under policy number 32293, was executed and acknowledged, and duly recorded and indexed in the recorder's office of Linn county, Iowa, the defendant received and accepted from the assured payment of a premium on said policy, which defendant has since retained, the defendant is deemed to have thereby waived the forfeiture of said policy by reason of said mortgage, and you will not consider said mortgage as constituting a defense to said policy, but will find for the plaintiff on that defense."   In the application upon which the policy was issued, the assured was asked,

"(12) Is the property mortgaged?" which he answered, "No." One of the conditions of the policy was: "Should there afterwards, during the life of the policy, an incumbrance fall or be executed upon the property insured, this policy shall be void, until the consent of the company in writing, signed by the secretary, is obtained thereto, and indorsed on or attached to said policy." In support of the instruction, Code, section 1944, is relied upon. It reads: "The recorder must indorse upon every instrument properly filed in his office for record, the hour when it was so filed, and shall forthwith make the entries provided for in the preceding section [indexing the instrument], except that of the book and page where the record of the instrument may be found, and, from that time, such entries shall furnish constructive notice to all persons of the rights of the grantee conferred by such instrument." By the instruction the jury were told that the filing, indexing, and recording of the mortgage would be constructive notice to defendant that such a mortgage had been executed upon the insured property, and any act of theirs done thereafter must be presumed to have been done with such knowledge. We think this instruction was clearly wrong. The statute makes such a filing notice to all persons of the rights of the grantee thereunder. No rights of the grantee or mortgagee acquired under the mortgage are involved in this action. The mortgagee is not a party to this proceeding; its determination can in no event affect his claim. By the contract of insurance, defendant did not acquire an interest in the property, in the sense that it could control it. Such contracts are purely personal in character. I May, Insurance, section 6. Furthermore, the statute by the language, "all persons," evidently refers to persons dealing with reference to the title to the land,— those acquiring some interest in it, or lien upon it,—as purchasers, mortgagees, and the like. By its contract,

defendant did not become invested with any title to or lien upon the property, which could render it the subject of constructive notice, under this statute. To so hold, it seems to us, would be a plain departure from the evident meaning and intent of the statute. It would impose burdens on persons having no direct interest in the title of real estate, never contemplated by the legislature. See *Ellis v. Insurance Co.*, 68 Iowa, 578, 27 N. W. Rep. 762.

VI. The jury were instructed upon the question of waiver as follows: "If you find from the evidence that the defendant, at any time after the loss in controversy, acquired knowledge of the fact, if you so find, of the occupancy of the second story of the building as a public hall, and also acquired actual knowledge; if you so find that gasoline was used about the premises, and that there was a mortgage upon the premises, and that, after acquiring actual knowledge of all such facts, the defendant required the then holders of the policies to submit to an examination, and demanded of them that they make additional proof of loss by furnishing bills, and made no objection to the payment of said loss on account of said use of said building, of the increase of risk, the use of gasoline about the premises, or of the existence of the mortgage; that the holders of said policies did submit to such examination, and incurred expense of time or money in order to do so,— then such facts, if you so find, will constitute a waiver of the conditions of the policies as to the use of said building, the increase of risk, use of gasoline about the premises, and of the existence of a mortgage or incumbrance upon the premises." The jury found specially that gasoline was used upon the insured premises; that the insured did not change the use of the building; that defendant knew of the use of gasoline prior to November 13, 1890, and prior to that time knew of the use of a part of the building as a pub-

lic hall; that prior to said time defendant had actual notice of the existence of the mortgage; that on November 13, 1890, defendant demanded of the insured that they go to Cedar Rapids, and submit to an examination, under the conditions of the policies; and that defendant examined them in relation to the loss. In the absence of anything showing that we have an abstract of all of the evidence before us, we must presume that these findings were warranted by the evidence in fact adduced upon the trial. The correctness of this instruction is not questioned by any proper assignment of error. The assignment is directed generally to this and other instructions by number only. No particular errors are suggested or pointed out by this assignment. It is, therefore insufficient. *Blair v. Madison Co.*, 81 Iowa, 318, 46 N. W. Rep. 1093. Whether right or wrong, it was the law of the case, and in the condition of this record, we must presume that the jury followed it, and that the evidence justified their verdict.

One ground of the motion for a new trial was that the special findings of the jury were not supported by the evidence, and were contrary thereto, but there is no sufficient assignment of errors raising the question for our consideration. The assignment, so far as it relates to the special findings, is: "The court erred in overruling defendant's motion for a new trial." As the motion contained twelve grounds, it is needless to say that such an assignment is not in conformity to the statute and rules of this court.

In view of this instruction and the special findings and the presumption that obtains in favor of the action of the court and jury, in the absence of an abstract of all the evidence, it seems to us that the error of the court in giving the seventh instruction is clearly without prejudice. The same may also be said as to some other alleged errors, such as admitting the index book in evidence.

VII.    It is said that the court erred in permitting plaintiff, after the case was closed, to introduce testimony as to the expense the insured were to in going to Cedar Rapids, in response to defendant's notice to submit to an examination.    The admission of testimony, under such circumstances, is largely a matter in the sound discretion of the court, and we should not interfere, unless it appears that such discretion has been abused. No such case is made here.

VIII.    Many of the assignments of error are too general to be considered; others are ruled by what we have already said; and still others we are precluded from considering, in view of the condition of the record heretofore referred to.    For the reasons given, the judgment must be AFFIRMED.