THE J. V. FARWELL COMPANY v. S. S. ZENOR, Sheriff, Appellant.

**Appeal:** REVIEW: *Denial in abstract.* The undenied averment in appellee's abstract, that all of the evidence is not before the court in the several abstracts, will be accepted as correct by the supreme court, and will prevent a consideration of any question depending upon the evidence. Therefore, refusals to strike evidence, sus-, taining objections to cross interrogatories, and an assignment that the verdict is excessive, cannot be reviewed in that condition of the record.

ON RE-HEARING.—SATURDAY, JANUARY 23, 1897.

**Replevin:** FRAUDULENT CONVEYANCE: *Irrelevant evidence.* In
1  replevin by a mortgagee against a sheriff, who admitted taking certain goods in attachment against the mortgagor, but denied any knowledge of plaintiff's rights, evidence that the mortgage was voluntary, and void as to the mortgagor's creditors, was not admissible, under the issues tendered.

**Consolidation:** PRESUMPTION. *Appeal.* It will be presumed, on
2  appeal, that judgment in but one case was rendered below, and this is so, though it is stated in the abstract that two cases were consolidated in the district court, where the only reference to a second case is found in the statement of one witness, who says that he bought goods of the plaintiff in the second suit and gave a note for it, which remains unpaid, and, in the caption of the record, which recites the title of both cases, in stating a submission to the jury.

*Appeal from Dallas District Court.*—HON. J. H. APPLE-GATE, Judge.

FRIDAY, DECEMBER 13, 1895.

ACTION of replevin. Trial to a jury. Verdict for plaintiffs, and defendant appeals.—*Affirmed.*

*A. U. Quint, D. W. Woodin,* and *F. M. Powers* for appellant.

*Cardell & Giddings* and *Edmund Nichols* for appellee.

KINNE, J.—I. Plaintiffs in this action seek to recover the possession of certain goods, or their value, which goods they claim under two certain chattel mortgages executed by one Jonas Nichols. The answer is a general denial. After plaintiffs had taken possession of the goods by virtue of their mortgages, the defendant, as sheriff, took the same from them by virtue of a writ of attachment which had been issued in the suit of one Minchen against Jonas Nichols. Appellant claims that the verdict is contrary to the evidence, in that the evidence failed to show that the goods taken by plaintiffs under the mortgages are the identical goods described therein. This question, of course, can only be determined from the evidence. This record consists of an abstract of appellant, and two amendments thereto, and an amended abstract filed by the appellees. In the second amendment filed by appellant is this statement: "The abstract now made in this case being the appellant's abstract of record, the appellant's former amendment, and this amendment do set out a full and fair statement of all the pleadings, evidence, and rulings of the above-entitled cause." This is the only reference in any of appellant's abstracts, relating to this matter. Appellees have filed an additional abstract, wherein they deny the correctness of appellant's abstracts and amendments, and aver that all of the evidence is not before this court in the several abstracts. Appellant having made no denial of this claim, we must accept the statement in appellees' abstract as correct. *Marsh v. Smith,* 73 Iowa, 296 (31 N. W. Rep. 866); *Acton v.*

*Coffman*, 74 Iowa, 17 (36 N. W. Rep. 774); *Foley v. Hefferon*, 70 Iowa, 572 (31 N. W. Rep. 877). Under this condition of the record, we cannot consider any question raised, the determination of which requires a consideration of the evidence. *Gilbert v. Miller*, 82 Iowa, 728 (47 N. W. Rep. 1016); *Chapin v. Garretson*, 85 Iowa, 377 (32 N. W. Rep. 104); *Johnson v. Johnson*, 87 Iowa, 410 (54 N. W. Rep. 250); *Wicke v. Insurance Co.*, 90 Iowa, 4 (57 N. W. Rep. 632). We are, therefore, owing to the condition of the record, precluded from determining whether the verdict is contrary to the evidence.

II. Appellant also alleges error in the overruling of his motion to strike out certain evidence. For the reason heretofore given, we cannot pass upon this assignment. Not having all of the evidence before us, we cannot say whether or not the ruling was correct.

III. It is said that there was error in sustaining certain objections to the cross-interrogatories propounded to certain witnesses. This alleged error cannot be considered, for the reasons heretofore given. We may say, however, that the questions asked were not proper on cross-examination. No such matter was inquired about on the examination in chief. No fraud was pleaded. The only issue presented was the identity of the goods. This evidence seems to have been desired to show that the mortgages were voluntarily given. The pleadings presented no such issue, and for that reason alone the rulings were proper.

IV. Lastly, it is urged that the verdict is excessive. This claim cannot be considered, in the absence of the evidence. Furthermore, there is no assignment of error raising the question. The judgment below is AFFIRMED.

## SUPPLEMENTAL OPINION ON RE-HEARING.

*Appeal from Dallas District Court.*—HON. J. H. APPLE-
GATE, Judge.

SATURDAY, JANUARY 23, 1897.

ACTION to recover possession of certain merchandise, or its value, of which plaintiff alleges it is the owner. Plaintiff alleges that the said merchandise was wrongfully taken and wrongfully detained by defendant, as sheriff, under a writ of attachment in favor of W. T. Minchen against Jonas Nichols. Defendant answered, denying every allegation in said petition "except as hereinafter expressly admitted." He admits that he is sheriff, and that he holds certain merchandise by virtue of an attachment in favor of W. T. Minchen against Jonas Nichols, and says as follows: "But of any claims of this plaintiff to such goods and merchandise the defendant has no knowledge, or information sufficient to form a belief." The jury found for the plaintiff, and found the value of its interest to be three hundred and fifty-seven dollars and sixty-five cents. Defendant's motion for a new trial was overruled, and judgment entered on the verdict. Defendant appeals.—*Affirmed.*

*D. W. Wooden, A. U. Quint,* and *F. M. Powers* for appellant.

*Cardell & Giddings* and *Edmund Nichols* for appellee.

GIVEN, J.—I. A re-hearing was granted in this case for the reason that the former opinion was based upon a misapprehension as to the true state of the record. Happily, it does not often occur that we are

called upon to consider a case presented with so little regard to the rules of practice as this is; but, notwithstanding the unsatisfactory condition of the record, we will consider the questions presented. The merchandise in question is clothing and furnishing goods contained in boxes. Plaintiff acquired the goods claimed by it under a chattel mortgage from Jonas Nichols, against whom the attachment was issued. A large lot of clothing and furnishing goods, contained in boxes, was taken, under the attachment, as the property of Jonas Nichols, and the controlling issue is whether that claimed by plaintiff was included in that taken by the defendant. Jonas Nichols was examined on behalf of the plaintiff, and on cross-examination defendant put a number of questions, to which plaintiff's objections were sustained. The objections were properly sustained, for the reason that it was not a proper cross-examination, and the matters inquired about were immaterial to the issues joined. Defendant sought to show by this cross-examination that the mortgage to plaintiff was voluntary, and void as to creditors of Jonas Nichols. No such issue was tendered. Exceptions were taken to other rulings on the evidence, but we find no error therein prejudicial to the defendant.

II. Appellant's next contention is that the evidence does not sustain the finding that the goods claimed were taken by him under the attachment. The instructions are not before us, but it is not questioned that this issue was properly submitted to the jury. We have examined the evidence with care, and, though conflicting in some particulars, we think it sufficiently supports the verdict, both as to the identity of the goods and their value. It is unnecessary that we set out the evidence.

III. It is said in the original abstract that the case of the *Volger-Gendtner Trunk Company* was

consolidated with this, that said company was substituted as plaintiff, and that its petition was the same as this, except that the mortgage was upon different goods, and that the amount claimed was seventy-one dollars and forty-four cents. In appellant's first amendment to his abstract, it is stated that the answer in that company's case was the same as this. The only reference to that case in the evidence is where Jonas Nichols says that he bought goods of that firm, gave a note and mortgage therefor, which have not been paid, and that he turned over the goods, and they were taken to a certain building. The only other reference to it in the record is in the caption of the record showing the submission to the jury, the title of both cases being stated. Appellant contends that, as the judgment was not divided so as to show what part is for plaintiff and what for said company, the verdict and judgment should be set aside. Our view of this record is that it must be construed as showing that only the case of *J. V. Farwell Co. v. S. S. Zenor, Sheriff,* was tried. The other case seems to have been lost sight of on the trial, and certainly has been on this appeal. Our conclusion is that the judgment of the district court should be AFFIRMED.