MIKE FITZGIBBON, JOHN BRENNAN, GEORGE J. GUMB, H. F. PARCELL, AND R. G. FLEMING, Plaintiffs, v. N. W. MACY, Judge 15th Judicial District, Defendant.

118 440
p129 438

Intoxicating Liquors: CONSENT: DENIAL: SERVICE OF NOTICE OF
1  APPEAL. Where a general denial of the statement of general consent to the sale of intoxicating liquor is filed with the clerk of the district court, it is only necessary for the county attorney to serve notice of appeal on the person or persons filing the statement of consent under section 2450 of the Code.

Same: NOTICE: WHERE TO BE FILED. Such notice, with proof of
2.  service, should be filed with the clerk of the district court.

Filing of Bond is Mandatory. The requirement of section 2450 of
3   the Code that within ten days after service of such notice a bond shall be filed, is mandatory.

*Certiorari to Harrison District Court.*—HON. N. W MACY, Judge.

THURSDAY, OCTOBER 30, 1902.

*S. H. Cochran, J. S. Dewell, Frank Tamisiea* and *W. H. Ware* for plaintiffs.

*Bolter Bros.* and *M. B. Bailey* for defendant.

LADD, C. J.—It appears that on the 24th day of December, 1901, Samuel Holmes and F. S. Burbank carried

from Missouri Valley to Logan, and filed with the auditor of Harrison county, a general statement, signed by numerous electors, consenting to the sale of intoxicating liquors within that county. This statement of consent was canvassed by the board of supervisors January 6, 1902, and by it declared sufficient. On the same day O. N. Cadwell and others filed with the clerk of the district court a general denial of said statement, executed a bond for costs; and the county attorney caused notice of appeal to the district court to be served on Holmes and Burbank, who did not file a cost bond until January 29th following. The next day the auditor certified the papers and record to the district court, and at the April term of said court those filing the general statement of consent moved to strike said statement from the files and dismiss the appeal. This motion was overruled. Thereupon contestants moved that, inasmuch as bond for costs had not been filed within ten days after service of notice of appeal, the finding of the board of supervisors be set aside and declared null and void. This motion was sustained, and judgment entered accordingly. Did the district court, in entering such judgment, exceed its authority? The question thus raised involve the construction of section 2450 of the Code. That provides for the canvass of the general statement of consent by the board of supervisors, and the entry of record of their finding, which "shall be effectual for the purposes" contemplated until revoked. "If the board shall find the statement sufficient, any citizen of the county may, within thirty days thereafter, upon filing a sufficient bond for the costs, file with the clerk of the district court a general denial as to the statement of general consent, or any part thereof, whereupon the county attorney shall cause notice thereof to be served upon the person or persons filing said statement of consent with the county auditor, and said party shall within ten days file with said clerk a bond conditioned to pay the costs of the hearing in the district

court, in a sum to be fixed by the clerk of said court. If such bond be filed, t ien the auditor shall certify the state. ment of consent and all papers and records to the district court, where the matter shall be tried *de novo*, the county attorney appearing for the state; but if no bond be filed, then the order of the board of supervisors finding the state. ment of general consent sufficient shall be considered and treated as set aside and null and void. The costs in all cases of appeal shall be taxed against the losing party. Should the board of supervisors find the statement of gen. eral consent insufficient, any party aggrieved may appeal therefrom to the district court by filing, within thirty days thereafter, with the clerk of said court a sufficient bond for the costs. Upon the filing and approval of said bond, the auditor shall certify the statement of consent and all papers and records to the district court, where the matter shall be tried *de novo*."

I. The plaintiffs first contend that notice by the county attorney should have been served on the persons who obtained the consent of the city council and resident freeholders owning property within fifty feet of the building where the business proposed was to be conducted. A sufficient answer to this contention is that the statute requires notice to be served on those only who file the general statement of con. sent with the county auditor. If plaintiffs' contention were correct, the right to contest the finding of the board in the district court might easily be defeated by a delay of those intending to engage in the liquor traffic for thirty days after its decision. It cannot be definitely known who will be directly interested in such business until the privilege of engaging in it is fully adjudicated in the manner pointed out in this statute. The notice is therefore directed to those apparently in control; i. e., who file the general statement of consent, which is precedent to all other conditions named.

1. INTOXICAT-ING liquors: general con-sent: denial of: notice.

II.   The statute, as will be observed, contains no re-quirement that the notice given by the county attorney shall be filed with the auditor.   In the absence of any such provision, filing it with him was not required.

2.   SAME: no-tice: where to be filed.

It would seem that notice, with proper proof of service, ought the rather to be filed with the clerk of the district court.   The denial of the general statement of consent, together with the bond of contest-ants, is filed there, and very naturally one interested would look to the clerk's records to ascertain whether all matters preliminary to the transfer had been complied with. Whether it must be so filed before the auditor is required to certify the papers and record to the district court need not be considered, as the notice, with return, was filed January 7, 1902.

III.   The plaintiff discusses the question as to whether the bond by the persons filing the general statement of consent must be filed within ten days after the service of the notice, or the filing of .it.   As more than ten days elapsed in either event, the point is not material.

IV.   Is that part of the statute requiring the persons filing the general statement of consent to file a bond, in a sum to be fixed by the clerk, within ten days after service of notice by the county attorney, mandatory?

3.   FILING of bond: man-datory.

It is, for the very good reason that the same statute specifies precisely what results shall follow the omission to file such bond, namely, "the order of the board of supervisors finding the statement of gen-eral consent sufficient shall be considered and treated as set aside and null and void."   It is said that the time for this is not stated.   A bond is exacted within ten days, and, in providing the consequence of filing and omission to file, reference is clearly had to the filing as directed; that is, within the period named.   The plaintiffs argue that no prejudice could result from an omission to file un-til the appeal is docketed.   The trouble with this position

is that the papers and record are not to be certified in event no bond is filed. If not furnished within the time specified, the finding of the board is to be treated, without any hearing, as null and void. That those who did in fact or were about to open business immediately after the board of supervisors declared the general statement of consent sufficient did not learn of the contest, is wholly immaterial. They are presumed to have known the law, and hence that the finding might be contested; and had they examined the record of the clerk's office at any time subsequent to January 7, 1902, they would have been fully advised of the situation.

V. The plaintiffs suggest that the time within which bond is required to be filed is so short as virtually to deprive them of the benefits of a trial. The period allowed is that within which a defendant is required to appear and defend in court on service of an original notice, and we hardly think more time reasonably needed to file a cost bond, especially when a part of the very proceeding in which the privilege of selling intoxicating liquors is sought.

VI. There is no ground for saying the statute is uncertain as to the persons upon whom notice shall be served. They are specifically described as "the person or persons filing said statement of consent with the county auditor." By this is meant the persons who present to the auditor, and cause to be filed, the general statement. The language excludes the notion of notice to all those who signed the statement. Their number renders this impracticable. That there may be reasons why a different notice should have been prescribed may be conceded. That given was all the law, as written, exacted. Holmes and Burbank represented the committee having in charge the procurement of the statement of consent, and plaintiffs were not in the dark as to those upon whom notice would necessarily be served. The order entered was precisely that directed by the statute, and is approved.—DISMISSED.