In the Matter of the Statement of Consent for the Sale of Intoxicating Liquors in Carroll County, Iowa, J. W. STOKESBURY, Appellant, v. GEORGE W. KORTE, Appellee.

**Intoxicating liquors:** CONSENT PETITION: DENIAL OF SUFFICIENCY.
1  Any written statement filed in the district court by a citizen of the county which, liberally construed, amounts to a general denial of the sufficiency of a statement of consent to sell intoxicating liquor, is sufficient to give the court jurisdiction to dispose of specific objections thereto or to review a finding of its sufficiency by the board of supervisors.

**Notice of appeal:** SERVICE. Notice of appeal need only be served
2  upon the person actually filing the consent petition, although his connection with the matter was simply that of an attorney employed to pass upon its sufficiency.

**Appeal:** WHO MAY PROSECUTE. An appeal from the ruling of the
3  district court on the sufficiency of a consent petition may be taken by any citizen of the county and is not the exclusive duty of the county attorney.

**Denial of consent petition:** SUFFICIENCY. The denial of a consent
4. petition which stated that it was filed by a certain person, a citizen of the county, was not subject to the objection that it did not allege citizenship

**Presumption as to evidence.** Where the evidence has not been
5  properly preserved, and there is no averment in the abstract that it contains all the evidence, the supreme court will presume that the evidence produced on the trial warranted the findings of the court.

*Appeal from Carroll District Court.*— HON. Z. A. CHURCH, Judge.

THURSDAY, JANUARY 18, 1906.

*O. P. McDonald* and *M. W. Beach,* for appellant.

*Salinger & Korte,* for appellee.

WEAVER, J.— On March 17, 1904, there was filed in the office of the county auditor of Carroll county, Iowa, a petition or statement of consent for the sale of intoxicating liquors in said county, under the provisions of the so-called " mulct statute " of this state.  On April 9, 1904, said statement or petition was by the board of supervisors of said county adjudged sufficient, and on April 25, 1904, J. W. Stokesbury, a citizen of the county, appealed from said finding to the district court.   The notice of appeal was directed to and served upon George W. Korte, and is in the following words:

In the District Court of Iowa in and for Carroll County. In the Matter of Statement of General Consent to Sell Intoxicating Liquors in Carroll County, Iowa.    August Term, A. D. 1904.    Notice of Appeal.    To Geo. W. Korte:    You are hereby notified that J. W. Stokesbury, a citizen of Carroll county, Iowa, has filed with the clerk of the district court in and for Carroll county, Iowa, a bond with sureties, which bond and sureties has been approved by said clerk, and has also filed with said clerk a general denial as to the statement of general consent to sell intoxicating liquors in said county filed by you with the county auditor and on the 9th day of April, 1904, held sufficient by the board of supervisors of said county, and has appealed from the finding of said board to the district court.    And you are further notified that said appeal will come on for hearing at the next term of said court, being the August term, which will commence at Carroll on the 23d day of August, A. D. 1904, and that, unless you appear thereto on or before noon of the second day of said term, said order and finding of the said board holding said statement sufficient will be set aside and

held null and void. [Signed] C. E. Reynolds, Co. Attorney of Carroll Co.. Iowa.

The foregoing notice and proof of service thereof was duly filed in the office of the clerk of the district court, together with a paper or pleading in the following form:

In Re of the Statement of General Consent to Sell Intoxicating Liquors in Carroll County, Iowa. August Term, A. D. 1904. Special Proceedings and General Denial of Sufficiency of Petition of General Consent. Comes now J. W. Stokesbury, a citizen of Carroll county, Iowa, and files with the clerk of the district court of Carroll county, Iowa, a general denial as to the statement of general consent to sell intoxicating liquors in Carroll county, Iowa, the canvass of which was made by the board of supervisors of Carroll county, Iowa, and completed by said board April 9, 1904, and by said board held sufficient. Also files a general denial as to the sufficiency of said statement of general consent to sell intoxicating liquors in Carroll county, Iowa, as a whole, and as to each and every city, town, and township within said county, being the statement of general consent canvassed by the board of supervisors of Carroll county, Iowa, which said canvass was completed on the 9th day of April, A. D. 1904, and by said board held sufficient. A sufficient bond for costs having been filed with the clerk of this court. J. W. Stokesbury.

The said George W. Korte appeared to the proceeding, and moved to strike the papers filed by Stokesbury, and to dismiss the appeal, because the paper above set out did not constitute a general denial of the statement of consent, and is no more than an allegation that a denial has been filed, and because no notice of appeal had ever been made upon the person or persons filing said statement of consent with the county auditor. This motion was supported by the affidavit of Korte, averring in substance that his only connection with said statement of consent was as an attorney employed to examine and pass upon its sufficiency before the same was filed, and that, while he did in fact deposit it

with the county auditor, he acted in that behalf solely at the request of one Smith who had the matter in charge, and not as a petitioner or party in interest. This motion was sustained by the trial court, the appeal dismissed, and the said Stokesbury appeals. It will be observed that but two questions are here presented: The sufficiency of the appellant's denial of the statement of consent, and the sufficiency of the notice of appeal.

I.   The statute permitting appeals from the finding of the board of supervisors in proceedings of this character provides that " if the board shall find the statement sufficient

1. INTOXICATING LIQUORS: consent petition: denial of sufficiency.

any citizen of the county may within thirty days thereafter, upon filing a sufficient bond for the costs, file with the clerk a general denial as to the statement of general consent or any part thereof, whereupon the county attorney shall cause notice thereof to be served upon the person or persons filing said statement of consent with the county auditor." We have, then, to inquire whether the paper above set out is a sufficient denial of the statement of consent. It may be admitted that the pleading is quite informal, and upon a critical and strict construction its language is open to the construction placed upon it by the appellee. But, while insisting upon a far observance of the statute and of the recognized rules of pleading, the courts are, nevertheless, in duty bound to construe the allegations of the parties liberally to ascertain and give effect to the pleader's true meaning, even where the same may be somewhat indefinite or ambiguous. That the appellant in the present instance was attempting to make the general denial called for by the cited statute is not open to reasonable doubt. When he comes into court, and in writing duly entered of record says, " I file a general denial of the statement of consent," the fair and obvious interpretation to be placed upon such language is that he thereby makes the general denial for which the statute provides, and, thus interpreted, we think it sufficient to give the district

court jurisdiction to consider and dispose of any specific objections which may be raised to the statement of consent or to the finding of the board of supervisors.

The entire proceeding is of a somewhat anomalous character, and the statute clearly indicates a legislative intent to dispense with matters of mere form, and enable the objecting citizen to secure a judicial review of the action of the board of supervisors with the least possible embarrassment from technical niceties of pleading and practice. While a "general denial" is required, there is, strictly speaking, no pleading to be denied. The effect is that of a general objection of exception, rather than a denial in the ordinary sense of the word. The appellant shows himself a citizen of the county, and therefore entitled to contest the finding of the supervisors and the sufficiency of the statement of consent, and in our judgment the pleading filed by him is a substantial compliance with the statute, and its informality affords no ground for dismissing the appeal. It is to be noticed that the statute quoted does not seem to make service of the notice the test of jurisdiction. The court obtains jurisdiction by the filing of the denial, and it would appear that any written statement or pleading apprising the court that a citizen of the county appears and objects to or denies the sufficiency of the statement of consent ought to be held a substantial compliance with this provision of the act.

II. As the statute requires the appeal notice to be served upon the person or persons filing the statement of consent with the county auditor, and as the notice in this case was served upon Mr. Korte, who immediately

2. NOTICE OF AP-PEAL: service. filed the statement with that officer, the service was clearly sufficient, unless the fact, disclosed by Mr. Korte's affidavit, that in so filing the statement of consent he was acting as attorney or agent for others, requires us to hold otherwise. Substantially the same question was before us in *Filsgibbon v. Macey,* 118 Iowa, 440, and was

decided adversely to the position taken by the appellee herein. These statements of general consent usually bear hundreds, if not thousands, of signatures, and the manifest impracticability of serving notice on all is a sufficient reason why the Legislature should make the person actually depositing the paper with the auditor the representative of the signers for the purpose of initiating an appeal and service upon him sufficient to give the district court jurisdiction.

Objection is also made that the appeal to this court is not taken by the county attorney, but by Stokesbury acting by his counsel. It is sufficient to say that appeal from the district court to this court in proceedings of this 3. APPEAL: who nature is not made dependent upon the action may prosecute. or consent of the county attorney. The right of appeal to the district court is given to any and all citizens of the county, and while it is made the duty of the county attorney to serve the notice which shall apprise the petitioners or their representative that the matter is to be reviewed by the district court, and while it is also made his duty upon the trial to " appear for the state," we think it entirely within the option of the citizen or citizens appealing from the finding of the board of supervisors to prosecute that appeal in the district court and this court by such counsel as they may see fit to employ. Neither the state nor the county is a party to the proceeding. The appeal is not taken by the state, but by a private citizen, who becomes personally liable for the costs, and, if he is to be given no voice in the selection of counsel to represent him, very few appeals will ever be undertaken. It is easily conceivable that the interests of the state may be more or less involved in such cases, and it is made the official duty of the public prosecutor to properly guard them, but it does not follow that he is ex officio the representative of the party appealing. If, for instance, a statute should provide that the public prosecutor should appear in behalf of the state in all divorce proceeding, no one would contend that either party is thereby deprived of the

right to be heard and to appeal by the aid of private counsel. Such, so far as we have observed, is the practical construction which has been placed upon the statute now in question by the people and the profession generally, and we think it in accordance with the evident intent of the Legislature. When the appellee herein availed himself of the statutory privilege as a citizen of the county to take an appeal from the action of the board of supervisors, it became incumbent upon the county attorney, as a ministerial or administrative duty, to serve the notice which should make the appeal effective and perfect the jurisdiction of the district court to review the findings of the board of supervisors. This duty he performed, and, the jurisdiction of the court having once attached, his only further responsibility in the matter was to see that the rights and interests of the state suffered no prejudice therein.

Again, it is said by appellee that Stokesbury, in the paper or pleading filed by him in the district court, describes himself as a citizen of Carroll county, but does not allege such citizenship, and that the omission is fatal to appellate jurisdiction. The objection is entirely too technical. In both notice and denial the party appealing is mentioned as " J. W. Stokesbury, a citizen of Carroll county." Supplying the evident ellipsis, that statement is neither more nor less than " J. W. Stokesbury [who is] a citizen of Carroll county." If this person should describe himself under oath as " a citizen of Carroll county," or as " a resident at No. 100 Blank street in the city of Carroll," when in fact he knew such statement to be false, would he not be guilty of perjury? If so, it is because the description of his identity and residence or citizenship is in legal effect an allegation of fact, and as such it fully satisfies the requirement of the statute.

*4. DENIAL OF CONSENT PETITION: sufficiency.*

Finally, and as a distinct proposition in his brief of points, appellee says " this court lacks jurisdiction in the whole record," and cites a list of many cases. In argument

the only reference to this point is as follows: "We deem it sufficiently presented by our brief." As coun-

5. PRESUMPTION AS TO EVIDENCE. sel do not deem the point of sufficient importance to specifically state the grounds of this contention, we are not disposed to go minutely through the record in search of them. The cases referred to, so far as we have examined them, go to the conceded proposition that where the evidence in a case has not been preserved by a bill of exceptions or proper certification, and in the absence of an averment in the abstract that it contains all the evidence, this court will presume that the findings of the trial court were warranted by the evidence produced on the trial. *Wicke v. Ins. Co.*, 90 Iowa, 4. We see nothing in the record of the instant case calling for an application of this rule.

The judgment of the district court is *reversed*.